## Collins v. Adams.

(Decided January 30, 1925.)

### Appeal from Letcher Circuit Court.

1. Venue—Action for Injury to Real Property May be Maintained in Any County in which Part of Tract Lies.—An action to quiet title and to enjoin trespass to tract of land which lies partly in two or more counties may be maintained in any county in which part of tract lies, though it be not the part on which the trespass was committed, in view of Ky. Stats., section 11, and Civil Code of Practice, section 62, prescribing venue of suits for injury to real property.

2. Statutes—Not Construed to Necessarily Increase Litigation or Costs.—Statutes will never be construed so as to necessarily increase litigation or costs to litigants, in the absence of explicit language so requiring.

3. Pleading—Venue Sufficiently Laid by Allegation in Action for Injury to Real Property that Part of Tract is Situated Within County.—To fix venue of action for injury to real property situated in more than one county, the only jurisdictional fact necessary for plaintiff to allege is that part of the land lies in the county in which action is filed.

R. MONROE FIELDS for appellant.

D. D. FIELDS & DAY and SMITH & COMBS for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Appellant, as plaintiff, filed his equitable action in the Letcher circuit court alleging he was the owner of and in the actual possession of a tract of land, described by metes and bounds, containing 104 acres, more or less, lying and being in Letcher and Knott counties. He alleges that defendant, Adams, was wrongfully and without right setting up claim to a portion of said tract of land and asserting title thereto, which was hostile to plaintiff's title and ownership, and cast a cloud thereon; that defendant had recently, wrongfully and without right gone upon a portion of the land and cut down and destroyed valuable growing timber and had started to build fences on portions thereof with a view to ousting the plaintiff of possession, and of ultimately depriving him of the possession and title. He prayed for a judgment quieting his title as against defendant, and asks for an injunction enjoining and restraining him from further trespass thereon.

Defendant filed a special demurrer to this petition calling in question the jurisdiction of the court, and in that special demurrer recites that he claims no land described in the petition which is situated in the county of Letcher, but that he does claim all the land described therein situated in Knott county. This special demurrer was overruled, and thereafter defendant filed a disclaimer wherein he says that he disclaims any interest, right, title or claim whatever to the tract of land described in the petition in so far as the same lies in Letcher county.

Thereafter the plaintiff filed his amended petition wherein he avers that defendant had recently, prior to the filing of the action, unlawfully, wrongfully and without right gone upon portions of the land described in the original petition and cut and destroyed valuable growing timber, and that a portion of such timber was located on that part of the tract lying in Knott county and a portion on that lying in Letcher county. He further alleges that the fences erected upon the lands as set forth in the original petition are upon portions of said land lying both in Knott and Letcher counties, and that defendant had given it out in words and speech that he was the owner of portions of said tract of land lying in each of the counties of Knott and Letcher.

Thereafter defendant filed his answer and disclaimer wherein, after denying certain material allegations in the petition in a separate paragraph asserts that he never did and does not now claim any portion of the land described in the petition which is situated in Letcher county, and expressly again disclaims any interest, right, title or claim to such portion of the tract of land described in the petition, and agrees that plaintiff may take judgment against him for all that portion of same lying in Letcher county. In still another paragraph he alleges that he is the owner of and in the actual possession of a certain described tract of land lying entirely in Knott county, Kentucky, which he says conflicts with the boundary set out in the plaintiff's petition, and to which he asserts title to the extent of such conflict. He then asserts title by adverse possession of himself and those under whom he claims for the statutory period, and in still another paragraph asserts such adverse possession for a period of more than thirty years.

To that answer the plaintiff filed a general demurrer but without waiving same filed his reply wherein he

denies that defendant had not claimed any portion of the land described in the petition which lies in Letcher county, and affirmatively alleges that at that time, and before the filing of the original action and for some time thereafter, defendant did claim to own large portions of the said tract of land which were situated in Letcher county, and had entered upon same and cut timber therefrom, built fences thereon, and had listed same for taxation in Letcher county, and at the time the action was instituted defendant claimed to own all of said tract of land lying in Knott county and large portions of same situated in Letcher county. In separate paragraphs the affirmative allegations of the defendant's answer are put in issue.

Without a formal order of submission, and without the taking of any evidence whatsoever, the court entered a judgment wherein it recited that defendant had entered his motion to dismiss the action for want of jurisdiction by the court to try the issues involved so far as that portion of the tract of land described in the petition lies in Knott county, and a judgment was entered dismissing the action in so far as the same affected or related to that part of the land lying in Knott county, the court being of opinion that it had no jurisdiction. It was adjudged, however, that under the pleadings, the plaintiff was the owner in fee simple of all that part of the tract of land described in his petition lying in Letcher county, and as to that part lying in Knott county his action was dismissed without prejudice.

This appeal is by the plaintiff from so much of the judgment as dismissed his action in so far as it affected that part of the land lying in Knott county.

The only question we deem it necessary to consider is whether, wholly apart from the allegations in the amended petition, that defendant had committed acts of trespass upon parts of the land in both counties, even if the petition on its face had alleged that the acts of trespass had been committed only upon that part of the land in Knott county, would not under our statutes the Letcher circuit court have jurisdiction.

The petition alleges that the plaintiff is the owner of a tract of land lying in Letcher and Knott counties containing 104 acres, and the description in the petition by metes and bounds discloses that it is a single body of land.

Under our statutes, an action relating to land or any trespass thereon is a local action, and must be brought in the county wherein the land lies; but we have in this state two provisions modifying that rule where a tract of land lies partly in two or more counties.

Section 11 of the Kentucky Statutes provides:

"It shall and may be lawful for any person having both the legal title and possession of lands, to institute and prosecute suit, by petition in equity in the circuit court of the county where the lands or some part of them may lie, against any other person setting up claims thereto."

Again, our Civil Code of Practice, in dealing with the venue of actions concerning real property, in section 62, provides:

"Actions must be brought in the county in which the subject of the action, or some part thereof, is situated:

"1. For the recovery of real property, or of an estate or interest therein.

"2. For the partition of real property except as provided in section 66.

"3. For the sale of real property under title 10, chapter 14, or under a mortgage lien, or other encumbrance or charge, except for debts of a decedent.

"4. For an injury to real property."

Clearly this is an action for an injury to real estate, and to quiet the plaintiff's title as against the unfounded claims, as alleged, of defendant, and that tract of land happens to lie partly in one county and partly in another. Neither of the enactments quoted undertake to fix the venue of such action where the injury to the tract in such circumstances is committed in one county or another; it is the injury to the tract of land as an entirety, as an entity, with which they are dealing. It undertakes to fix the venue of such an action, not with a view to what part of the tract of land the trespass may have been committed upon, but to fix the venue in either county where the trespass has been committed against any part of that tract of land, whether in the one county or the other. The legislative purpose appears plainly to have been that when a tract of land lies partly in two or more counties the aggrieved party in his action affecting any part of it

may go into the courts of any one of the counties in which any part of that tract of land may lie. It is an option given to the plaintiff to the end that he may not be required to go into one county to seek reparation for one trespass or depredation upon one part of his land, and in another county to seek similar relief for similar trespass upon another part of his land.

It seems, therefore, necessarily to follow that when such an action is instituted in any county where any part of the land lies the courts of that county have full jurisdiction to determine the whole controversy between the parties without reference to what part of the land may be involved, or in what county such land may lie. The action is authorized for an injury to the land as an entity without regard to the political subdivisions where the different parts of the land may lie; the owner is given the right to go into the courts of any county where a part of that tract of land may lie and there seek redress for the injury to his land as an entity, without regard to whether committed in one county or another, or whether the injury occurred only in that part lying in one county.

The courts will never construe a legislative enactment, in the absence of explicit language, so as to necessarily increase litigation or costs to litigants. To say that a landowner who happened to own a tract of land lying in three counties should be compelled to go into the courts of one of them because of a depredation upon one part of his land upon one day, and into the court of another the next day because of a similar depredation by the same party on another part of his land, and into the courts of still another county for such depredations by the same man on the third day, would be to require the very thing which the two statutes quoted were intended to avoid.

The language is broad and unequivocal, and gives such jurisdiction

"In the county in which the subject of the action, or some part thereof, is situated," and to "the circuit court of the county where the lands or some part of them thereof may lie."

This language necessarily means that the aggrieved party owning such a tract of land may select the county in which he will institute his action, and when once instituted that court has jurisdiction of the whole subject

matter without regard to whether the thing complained of happened in that county or in another county where part of the tract is. On the contrary, if it happened wholly in such other county it would not affect the jurisdiction so acquired. The only jurisdictional fact necessary to allege in such an action is that a part of the land lies in the county where the action is filed.

An injury to a part of a tract of land is an injury to the whole of that body of land, whether it lies wholly in one county or partly in two or more, and therefore the conclusion that it was the tract of land as a whole which the legislature had in mind when it conferred the jurisdiction upon any one of the counties in which a part of the land might lie, appears unmistakable.

Our conclusion, therefore, is that under the terms of these statutes the jurisdiction conferred upon the courts of any one of the counties where a part of the land may lie is the jurisdiction to settle the whole controversy between the parties respecting that particular tract of land.

The subject matter of the controversy is the tract of land as an entirety, and it matters not where the particular part in controversy may lie, the courts of either county is given jurisdiction under the express language quoted in both the statutes and the code. Any other interpretation would read into them an exception which the language does not justify, and which would be subversive of the legislative purpose to let the aggrieved party select the county in which to file his action in such cases.

The precise question we have here has never been passed upon by this court, but there is one case in this state which in dealing with section 62 of our Civil Code at least has inferentially adopted the construction we have given.

In the case of Harlan v. Howard, 79 Ky. 373, there was involved a land patent embracing lands in two counties; the contention was made that when a tract thus lies in two counties possession of it in one of the counties did not give possession of that portion in the other county, and the court after pointing out that this was the correct rule under some old opinions said that section 62 of the Civil Code changed that rule, and then said:

"And it follows that, although the Keith patent boundary may lie in the two counties, proof of title and the right to possession of any portion thereof in

Lewis county, where this action was brought, will sustain it to the extent of such proof, and also as to such parts of the boundary in Greenup county, connected with that in Lewis county, as to which the evidence may establish a like title and right of possession.''

Unmistakably this language is a recognition of the legislative purpose to treat such tracts of land so lying in two or more counties as an entirety, and to hold that evidence of title and the right to possession of that part of the land lying in the county other than the one where the suit was pending would sustain a judgment as to such land in the other county, where it was physically connected with and embraced in the same patent as the lands in the county where the suit was brought.

Other authorities are 40 Cyc., pp. 49, 50 and 51; 27 R. C. L., p. 792; Whitney v. Central Georgia Power Co., 19 Anno. Cases, p. 982, and note; Smith v. Southern Railway Co., 136 Ky. 162; East Tenn., etc., R. R. Co. v. Atlanta and Florida Co., 15 L. R. A. 109.

However, as the trial court erroneously decided that it had no jurisdiction as to the land lying in Knott county and as there has been no trial upon the merits of the controversy affecting such lands, we will not upon this reversal direct the entry of a judgment, but will reverse the same for further proceedings to the end that there may be a trial upon the merits.

The judgment is reversed in so far as it dismissed the action concerning that part of the land lying in Knott county, for further proceedings consistent with this opinion.