718

IRVIN R. MOREARTY, APPELLEE, V. HARRY D. STRUNK ET AL., APPELLANTS.

FILED JULY 5, 1929.   No. 26726.

*Perry & Van Pelt, Cordeal, Colfer & Russell* and *L. A. Kiplinger,* for appellants.

*Charles B. Morearty, C. D. Ritchie, Bernard McNeny* and
*Benjamin S. Baker, contra.*

Heard before GOSS, C. J., ROSE, DEAN, THOMPSON and
DAY, JJ., and REDICK, District Judge.

ROSE, J.

This is an action to recover $100,000 in damages for
libel. The alleged libelous publication appeared in a news-
paper called "The McCook Gazette" and consisted of an
article copied from the Grand Island Independent with
a new headline and other additional matter. The original
article discussed at length street paving as about 50 per
cent. deficient in a Grand Island paving district and iden-
tified I. R. Morearty as the city engineer under whose sup-
ervision it was constructed, details of the defects being
published as shown by a municipal investigation contain-
ing, in substance, findings to the effect that as a result of
deviations from specifications the city of Grand Island re-
ceived in value only about 50 per cent. of the improve-
ment for which it contracted and that the contractor did
not reduce the cost accordingly. Preceding a city elec-
tion in McCook the article in the Grand Island Independ-
ent was reproduced in the McCook Gazette as a political
advertisement under the inquiring headline: "Big Graft
in Paving?" Thereunder were these words: "The follow-
ing article taken from the Grand Island Independent an-
swers this question: — Shortage in Paving Job." The
article in its original form follows in the McCook Gazette
and the political advertisement closes thus:

"The engineer who had this Grand Island work in charge
is the same I. R. Morearty employed by the present Mayor
and City Council of McCook.

"Do you want to run the risk in the huge paving pro-
gram outlined for McCook and get a 50 per cent. value?

"From June 22, 1925, to March 8, 1926, this same City
Engineer has drawn from the city of McCook $6,572.75.

"(Signed) Committee Citizens Ticket."

The I. R. Morearty mentioned in the original publication

and in the political advertisement is plaintiff herein. In his petition he charged defendants with a conspiracy to injure him by issuing false, scandalous and defamatory statements regarding his business and integrity, and that pursuant thereto they published in the McCook Gazette the article and comments already mentioned. The defendants and alleged conspirators were Harry D. Strunk, Mark H. Knight, Harold P. Waite, Clarence F. Dann, Rex Scott, Roy M. Green, and Floyd Hegenberger. April 6, 1926, was the date of the city election in McCook. The mayor then in power had engaged Morearty, plaintiff, as engineer in charge of street paving and sewer and water extensions. The mayor at the time was a candidate for reelection and was the nominee of the Municipal League Party for the ensuing term. A rival candidate had been nominated by the Citizens Party. The political advertisement consisting of the alleged libel was published April 3, 1926. Strunk was publisher and Knight was managing editor of the McCook Gazette. Hegenberger was a candidate for councilman on the Citizens Party ticket. Scott, Waite and Dann were members of the Citizens Party committee. Green was the chemist who investigated the paving in Grand Island and reported the defects to the city council there.

The action was commenced in the district court for Douglas county and Scott was served with summons while temporarily therein. None of defendants resided in Douglas county. Summonses for Green and Knight were served on them in Lancaster county and other defendants were summoned in Red Willow county. Each defendant except Scott made a special appearance and challenged the jurisdiction of the court on the ground that Scott was not a proper or necessary party defendant and that service of summons outside of Douglas county was void. The challenges to jurisdiction were overruled. Each defendant with the exceptions of Scott and Dann preserved by answer objections to jurisdiction.

The publication in the McCook Gazette was admitted by defendants, but the conspiracy and the libel were denied.

In addition, the truth of the published statements and the good faith, the justification and the privilege of the publishers were pleaded in answers to the petition. Affirmative matter pleaded by defendants was put in issue by replies to the answers.

The cause was tried to a jury. At the close of the testimony the district court dismissed the action as to Hegenberger and Knight. The jury rendered a verdict against the other defendants for $4,000, and from a judgment thereon they have appealed.

The defendants who preserved in their answers their objections to jurisdiction present the same point on appeal and insist that the failure to dismiss the action as to them was an error fatal to a recovery by plaintiff. Authority to issue a summons to a county other than Douglas was granted by a statute providing:

"When the action is rightly brought in any county, according to the provisions of this Code, a summons shall be issued to any other county, against any one or more of the defendants at the plaintiff's request." Comp. St. 1922, sec. 8570.

Under this statute as formerly construed the authority of plaintiff to bring nonresident defendants within the jurisdiction of the district court for Douglas county depended upon his right to recover, upon the cause of action pleaded, a judgment against the defendant who was served with summons therein. *Smith v. Atlas Refining Corporation,* 112 Neb. 6; *Hinds State Bank v. Loffler,* 113 Neb. 110; *Stull Bros. v. Powell,* 70 Neb. 152.

Scott was the only defendant upon whom summons was served in Douglas county. All defendants resided in other counties. A critical examination of the record shows that the evidence was insufficient to make a case against Scott. On the witness-stand plaintiff said Scott told him in conversation that he did not sign the article published in the McCook Gazette, but that he told the committee to publish it. On cross-examination, however, plaintiff testified in substance that he did not know that Scott at the time had

the same article in mind. Testimony of other witnesses was direct and positive that Scott had nothing to do with the publication. He did not participate in any conspiracy to injure plaintiff. Surrounding circumstances and conversations among defendants do not warrant an inference that Scott had an actionable connection with the publication. In any event Scott, on a ground hereinafter considered on another question, is not liable to plaintiff in this action. The issue of his liability should not have been submitted to the jury. When the insufficiency of the evidence as to him was obvious at the close of the testimony, the action should have been dismissed as to him and as to all defendants who preserved in an answer the objections to jurisdiction. The failure to so rule was a reversible error.

Dann was the only defendant served with summons outside of Douglas county who did not preserve in his answer objections to jurisdiction. Without saving that right he answered to the merits and thus appeared and submitted to the jurisdiction of the trial court. The remaining question on appeal relates to the sufficiency of the evidence to establish an actionable libel. Did the article published in the McCook Gazette amount to that? The inquiry is not confined to an imputation found in a single statement without reference to the entire publication. It should be considered in its entirety, including headline, question and surrounding circumstances. 17 R. C. L. 313, sec. 54; *Pentuff v. Park,* 194 N. Car. 146, 53 A. L. R. 626; *Bathrick v. Detroit Post & Tribune Co.,* 50 Mich. 629. The words and expressions should be considered in their ordinary and popular meaning according to the sense in which they would be understood by the readers to whom they were addressed. 17 R. C. L. 312, sec. 53; *World Publishing Co. v. Mullen,* 43 Neb. 126; *Marion v. Davis,* 217 Ala. 16, 55 A. L. R. 171. In determining whether an article constitutes an actionable libel, due weight must be given to every part of it, including the occasion for its publication. *Sheibley v. Nelson,* 75 Neb. 804; *Norfolk Post Corporation v. Wright,* 140 Va. 735, 40 A. L. R. 579, and cases cited in note.

The occasion for the article was a city election at which the mayor, who had selected plaintiff as supervising engineer, was a candidate for reelection. The Citizens Party supported a rival candidate. One reason for the opposition was the mayor's action in selecting plaintiff as an engineer. The article was directed to the mayor's candidacy. The political issue was a legitimate one. The city of McCook contemplated extensive paving. If plaintiff as an engineer employed by the mayor had permitted a paving contractor in Grand Island to furnish in value only about 50 per cent. of the improvement for which he had contracted, that fact could properly be communicated in good faith by the committee of the Citizens Party to the electors of McCook. On its face the article is an attack on the candidacy of the mayor of McCook. What was said about plaintiff was incidental to the main purpose. If the statements respecting him were true and were made in good faith with good motives and for justifiable ends, the occasion and the privilege were present.

The article in the Grand Island Independent contained the details of a scientific investigation by an expert chemist. The report was official for the purpose of calling the contractor to account. It imports the truth. The facts originally published were not denied by plaintiff who was a witness in his own behalf. In testifying he said in substance on cross-examination that there was not a thing in the Grand Island Independent that he objected to; that he was city engineer when the paving was put in; that he did not object to the article in the Grand Island paper and was not depressed by it; that the contractor had to settle for the defects. He thus verified the truth of the article reproduced in the McCook Gazette.

It is argued, however, that the two articles are different and that the headline and paragraphs following the original article in the McCook Gazette contain sinister matter that makes the reproduction an actionable libel. As already explained the headline is a part of the entire article. It cannot be separated from the text to give it a meaning

at variance with the publication as a whole. While a question may impute a charge amounting to a libel, the meaning of the question must be found in the entire publication. In the headline, "Big Graft in Paving?" the sinister word "Graft," as used in common parlance, is identified with what follows—"Shortage in Paving Job," as exposed in the Grand Island Independent. The publication therein calls attention to the fact that the city of Grand Island received in value only about 50 per cent. of the improvement for which it contracted and that the contractor did not reduce the cost accordingly. The imputation of graft, if any, was directed to the contractor and not to plaintiff. The latter testified that the contractor had to settle for the defects. Plaintiff was not charged in either article with profiting by graft or by failure of the contractor to comply with specifications. The publication and surrounding circumstances will not bear that interpretation or the charge of dishonesty. Graft is not imputed to plaintiff. The paragraphs following the original article in the McCook Gazette are statements or implications of fact published in good faith with good motives and for justifiable ends. In connection with the entire political advertisement they do not constitute an actionable libel. The publication, being lawful and proper under the circumstances, was not the subject of a conspiracy to injure plaintiff. He was not entitled to a judgment against defendant Dann nor against any other defendant. It follows that the judgment is reversed and the action dismissed.

REVERSED AND DISMISSED.

Note—See Dismissal and Nonsuit, 18 C. J. 1185 n. 17—Libel and Slander, 36 C. J. 1155 n. 61, 1158 n. 72; 40 A. L. R. 583; 17 R. C. L. 313; 3 R. C. L. Supp. 650; 4 R. C. L. Supp. 1116; 6 R. C. L. Supp. 1007.