HENRY J. LINDEMAN, APPELLANT, V. CALAMUS IRRIGATION DISTRICT ET AL., APPELLEES.

FILED NOVEMBER 10, 1931. NO. 27922.

*Ritchie, Swenson & Arey,* for appellant.

*Guy Laverty* and *Morsman & Maxwell, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

This was an action to recover damages for fraud. One of the defendants, Roy M. Harrop, was served with summons in Douglas county, while the Calamus Irrigation District, George T. Tunnicliff, J. C. Bristow, and R. B. Miller, as trustees of said district, were served in Loup county. The defendants served in Loup county filed a special appearance challenging the jurisdiction of the district court for Douglas county, which special appearance was sustained for that neither the petition nor the substituted and amended petition filed by the plaintiff alleged facts sufficient to charge any joint liability on the part of said defendants with the defendant who was served with summons in Douglas county.

The rule is well established in this jurisdiction that, in a personal action for the recovery of money only, where a resident of the county where the action is brought is

(1)

joined with a resident of another county, to authorize service upon the latter in the county of his residence, there must be an actual right to recover against the former. *McKibbin v. Day*, 71 Neb. 280; *Morearty v. Strunk*, 118 Neb. 718. This cause of action is based upon the false and fraudulent representations of the defendant Roy M. Harrop, as an officer of said irrigation district. The false representations were concerned with the validity of the bonds which were to pay for the construction work. The plaintiff alleges that as a result of the false and fraudulent representations he was induced to commence construction work or works for the irrigation district, to his damage. In this state irrigation districts are public corporations and the powers of its officers and directors are limited by statute under which it is created. It is admitted by the appellant that he cannot recover against the irrigation district either upon the contract or in *quantum meruit*. The irrigation district concerned was dissolved by *quo warranto* proceedings for that it was never organized as provided by statute. The plaintiff had no valid contract and was without authority to do any work on behalf of the district. The plaintiff was charged with notice of the want of authority on the part of the board and in dealing with them he was required to act with reference to the authority or the limitations and restrictions imposed by legislation. *Lincoln & Dawson County Irrigation District v. McNeal*, 60 Neb. 613. The petition of plaintiff shows on its face that he was aware of the imperative necessity of a judgment of validity in the district court for Loup county and he also knew there was a contest in these validity proceedings. The question of the validity of the bonds from which the money was to come to pay for the works was a matter of public record. It was a matter concerning which neither the district nor Roy M. Harrop, secretary and universal agent, had authority to make, since neither the Calamus Irrigation District nor those acting as officers and directors had any power to bind the district by a valid contract. The plaintiff was bound to take notice of such lack of authority, and therefore the district could not be responsible for the

false and fraudulent representations in respect to such power. There was therefore no joint or common liability against the defendants, Roy M. Harrop, the Calamus Irrigation District, George T. Tunnicliff, J. C. Bristow, and R. B. Miller, as trustees of the Calamus Irrigation District.

The judgment of the district court is

AFFIRMED.