HARVEY RICHARD LIPPINCOTT, JR., APPELLEE AND CROSS-APPELLANT, V. ENA F. LIPPINCOTT WOLSKI, APPELLANT.

25 N. W. 2d 747

FILED JANUARY 10, 1947. No. 32119.

*Mothersead & Wright, Hamer, Tye & Worlock,* and *Lewis F. Shull,* for appellant.

*W. L. Minor* and *Ward W. Minor,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and WILSON, District Judge.

WILSON, District Judge.

This action was brought in the district court for Buffalo County by Virginia Lippincott as plaintiff and subsequently prosecuted by Harvey Lippincott, Jr., as substituted plaintiff and appellee herein, against his mother, Ena Lippincott, now Ena F. Lippincott Wolski, defendant and appellant herein, and others as defendants. The purpose of the action was to cancel two separate conveyances executed by the original plaintiff in favor of defendant Harvey Lip-

pincott, one conveyance covering real estate in Buffalo County and the other conveyance covering real estate in Scotts Bluff County, which conveyances plaintiff alleged were obtained by intimidation and duress; and to remove the cloud of said conveyances on plaintiff's title to the properties in both counties; and further, as added by an amended petition subsequently filed by Harvey Lippincott, Jr., as substituted plaintiff, to restrain and enjoin the defendants from claiming any interest in said properties in both counties, and from interfering with plaintiff's title thereto. The petitions also prayed for general equitable relief.

The record does not disclose that trial of this action has been had on its merits, but in and during the pendency of the action the district court for Buffalo County, on plaintiff's application, issued restraining orders, temporary injunctions, and finally a permanent injunction restraining and enjoining defendant Ena Lippincott from taking possession of the properties in Scotts Bluff County and from prosecuting an action commenced by her against Harvey Lippincott, Virginia Lippincott, and Harvey Lippincott, Jr., in the district court for Scotts Bluff County, to quiet title in her to some of the Scotts Bluff County properties in question. Upon the overruling of her motion for new trial, the defendant Ena Lippincott Wolski perfected this appeal from the issuance of the permanent injunction, contending, among other things, that the district court for Buffalo County had no jurisdiction over her person or the subject matter of the action, insofar as it related to the property in Scotts Bluff County. We decide that the contention of the defendant and appellant Ena Lippincott Wolski, in this regard, must be sustained.

The following is a review of the proceedings had in this case, which we deem sufficient, but necessary, for a proper understanding and determination of the issues involved.

In view of the identical surnames of all these original

parties, we will take the liberty of referring to them by their given names, as a matter of convenience.

On May 26, 1942, this action was commenced in the district court for Buffalo County, Nebraska, by Virginia, as plaintiff, against Ena, James, Philipina, and Harvey, as defendants. The petition alleged that the plaintiff was the owner of certain properties in Buffalo and Scotts Bluff Counties, Nebraska, the title to which she obtained by two separate deeds dated January 20, 1940, from defendant Harvey, whom she alleged to be her husband, one conveyance covering the Scotts Bluff County property and the other the Buffalo County property. The petition also alleged, and it is undisputed, that defendant Ena obtained a divorce from Harvey in the district court for Scotts Bluff County, Nebraska, on March 11, 1941, the decree being subsequently affirmed, as to the divorce, but reversed as to the property distribution, by this court on March 27, 1942; and this divorce action was still pending at the time the petition in the case at bar was filed; that Ena and Harvey had been purportedly divorced in Nevada on February 26, 1937, and thereafter on November 4, 1937, plaintiff Virginia and Harvey were purportedly married; and, presumably because the Scotts Bluff County, Nebraska divorce to Ena invalidated her Nevada divorce and Virginia's first marriage to Harvey, Virginia and Harvey were married on March 28, 1942.

The petition further alleged that plaintiff Virginia, on March 7, 1941, reconveyed both the Buffalo and Scotts Bluff County properties involved, to Harvey, by two separate deeds covering the property in each county, and that said deeds were involuntarily executed by her and were obtained by duress, undue influence, and intimidation of Harvey and his attorneys in the Scotts Bluff County divorce action and were therefore void but constituted a cloud on plaintiff's title to the properties in both counties; and that defendant Ena claimed some interest in the real estate and defendants James and his wife Philipina claim some in-

terest under a trust agreement, a copy of which is attached to the petition, and discloses that it is dated February 11, 1933, and covers only Scotts Bluff County property and not the Buffalo County property involved in this action. The petition prayed for cancellation of the deeds referred to and general equitable relief. Personal service as to this petition was had on defendants Philipina and Harvey and residence service upon defendant James, all in Buffalo County, and personal service on defendant Ena in Scotts Bluff County.

On October 30, 1944, Harvey, Jr., as substituted plaintiff, filed an amended petition, which adds as defendants, James W. Lippincott, Jr., Velma Lippincott Kellums, Harold W. Lippincott, C. R. Barton, clerk of district court of Scotts Bluff County, and Kent Lane; and which alleged, so far as material herein, substantially the same facts as the original petition, but in addition thereto alleged the acquisition of title to the properties in both counties by Harvey, Jr., by two separate conveyances dated September 7, 1944, from the former plaintiff Virginia and her then husband, defendant Harvey, one conveyance covering the Scotts Bluff County and the other the Buffalo County property; and the amended petition prayed also that the defendants be enjoined from interfering with, or claiming any interest in the properties involved and for general equitable relief.

Subsequently, on applications of Harvey, Jr., as substituted plaintiff, restraining orders and temporary injunctions were issued by the district court for Buffalo County in the action in the case at bar, restraining and enjoining defendant Ena from taking possession of the Scotts Bluff County land and from prosecuting an action commenced by her in the district court for Scotts Bluff County to quiet title in her to said land, against Harvey, Virginia, and Harvey, Jr., as defendants. Throughout the proceedings defendant Ena objected to the jurisdiction of the district court for Buffalo County over her person and the subject

matter of the action, insofar as it involved the Scotts Bluff County property, by special appearances which were overruled, and in answers alleged that she was a resident of Scotts Bluff County and that she had and claimed no interest in the Buffalo County property.

Finally, on March 8, 1946, the district court for Buffalo County, in the case at bar, issued a permanent injunction, enjoining defendant Ena from proceeding with her action to quiet title in the district court for Scotts Bluff County; and upon the overruling of her motion for a new trial, said defendant brings this appeal.

The pertinent facts, aside from the proceedings themselves above reviewed, are undisputed, and, in their chronological order are as follows:

On February 26, 1937, Ena was purportedly divorced from Harvey in Nevada; on November 4, 1937, the original plaintiff Virginia and Harvey were purportedly married in Nevada; on January 20, 1940, Harvey conveyed all the properties in both Buffalo and Scotts Bluff Counties to Virginia, there being two deeds, each covering the properties in one county; on April 5, 1940, Ena brought suit for divorce against Harvey in Scotts Bluff County, Nebraska, and a decree of divorce was entered in said action in plaintiff's favor on March 11, 1941, which decree assigned to Ena a part only of the Scotts Bluff County land, and none of the Buffalo County land, involved in the case at bar; on appeal from this divorce decree this court, on March 27, 1942, affirmed the decree as to the divorce but reversed it as to the alimony award and the assignment of property. See Lippincott v. Lippincott, 141 Neb. 186, 3 N. W. 2d 207. On retrial as to alimony the district court for Scotts Bluff County, on August 14, 1943, again assigned as alimony to plaintiff Ena a part only of the Scotts Bluff County property and none of the Buffalo County property involved in this action; and, upon appeal, this decree was affirmed by this court on March 17, 1944. See Lippincott v. Lippincott, 144 Neb. 486, 13 N. W. 2d 721. During the progress of the

first trial in the divorce action in Scotts Bluff County on March 7, 1941, Virginia executed to Harvey the two conveyances, one covering the Scotts Bluff County property and the other the Buffalo County property, involved in this action, these being the conveyances which plaintiff seeks to have canceled in the case at bar.

Plaintiff's amended petition alleged that during the second appeal of the divorce action to this court, the dates not being given, Harvey executed quitclaim deeds to all of the properties in both counties, in perfecting his appeal in the divorce case, and thereafter executed deeds to all of the properties to Virginia. On March 28, 1942, Virginia and Harvey were married; on September 7, 1944, Virginia and Harvey, as wife and husband, executed to Harvey, Jr., two conveyances, each covering the property in one county, involved in this action.

On July 6, 1945, this court in State ex rel. Wolski v. Reed, 146 Neb. 348, 19 N. W. 2d 545, denied the application of defendant Ena for a writ of mandamus to compel the district court for Buffalo County to vacate the temporary injunction issued in the case at bar, with respect to the Scotts Bluff County property, on the ground that the relator, being the defendant Ena in the case at bar, had an adequate remedy at law in the premises and therefore mandamus would not lie. The opinion of this court in the mandamus action contains a good review of the history of this litigation but the issues involved in the case at bar were not in any manner considered or decided.

On November 23, 1945, defendant Ena commenced her action as plaintiff in the district court for Scotts Bluff County, Nebraska, against Harvey, and Virginia and Harvey, Jr., as defendants, to quiet her title to the Scotts Bluff County properties awarded her by the divorce decree.

While other questions are raised, we find it necessary to consider only the principal and decisive issue involved, namely, whether or not the district court for Buffalo County had jurisdiction of the subject matter of this action, insofar

as it involved the real estate in Scotts Bluff County. The determination of this question depends upon a proper construction of sections 25-401 and 25-402, R. S. 1943, providing the venue of actions involving real estate.

Section 25-401, R. S. 1943, so far as material herein, is as follows:

"All actions to recover damages for any trespass upon or any injury to real estate shall be brought only in the county where such real estate or some part thereof is situated, * * * and all actions for the following causes must be brought in the county in which the subject of the action is situated, except as provided in section 25-402; (1) for the recovery of real property or of an estate or interest therein; * * *."

Section 25-402, R. S. 1943, is as follows:

"If the real property, the subject of the action, be an entire tract, and situated in two or more counties, *or if it consists of separate tracts situated in two or more counties, the action may be brought in any county in which any tract or part thereof is situated,* unless it be an action to recover the possession thereof. And if the property be an entire tract, situated in two or more counties an action to recover the possession thereof may be brought in either of such counties; but if it consists of separate tracts in different counties, the possession of such tracts must be recovered by separate actions brought in the counties where they are situated." (Italics supplied.)

The properties in Scotts Bluff and Buffalo Counties, involved herein, did not of course constitute "an entire tract, and situated in two or more counties" within the above quoted statute. If, as defendant contends, the instant action is in reality one to recover possession of real estate, in view of the restraining orders and the injunction issued in this case, then there would be no question, under the express provisions of the above statute, that the action could be brought only in the county where the property was situated. Plaintiff contends, however, that this is not an action

to recover possession of the property involved, since plaintiff has at all times been and now is, and defendant never has been, in actual possession; and that the action is one to quiet title and to keep defendant out of possession. Accepting plaintiff's contention, in this regard, as correct, for the purpose of this opinion, and considering that this action is not one to recover possession, then jurisdiction in the case at bar depends solely on the following provision of the statute in question:

" * * * or if it consists of separate tracts situated in two or more counties, the action may be brought in any county in which any tract or part thereof is situated, * * *."

Defendant contends that the petition, in the case at bar, discloses that none of the defendants in the action have or claim to have any interest whatever in the Buffalo County property, and we decide that this is true.

As to the defendant Harvey, it is true that he originally conveyed the properties in both counties to the original plaintiff, Virginia, and that she reconveyed them to him, by the deeds sought to be canceled in this action. However, Harvey subsequently conveyed all the properties in both counties again to Virginia and subsequently joined with Virginia, his then wife, in conveying all of the properties in both counties to the substitute plaintiff, Harvey, Jr., on September 7, 1944. In fact, the latter conveyances constitute the foundation for the substitution of Harvey, Jr., as plaintiff, and for his amended petition. Upon what theory Harvey was continued as a defendant in the amended petition is not apparent. It seems entirely clear, from the amended petition itself, that he neither has nor claims any interest adverse to the substituted plaintiff, with respect to the properties in either county. The question of jurisdiction over the subject matter must be determined, of course, from the amended petition, and not from the original petition which it superseded. Harvey's answer is a general denial and makes no claim of any interest in the Buffalo County property.

Defendant James, and his wife Philipina, are alleged to have some interest in the properties under the trust agreement, a copy of which is attached to the petition. This agreement shows on its face that it covers and deals only with the Scotts Bluff County property and would give these defendants only an action to enforce the trust agreement against the Scotts Bluff County property, or a personal action against Harvey, who executed the trust in their favor. It contains no provision which gives said defendants any interest in or claim upon the property in Buffalo County. The fact that these defendants might, at some future date, obtain a personal judgment against Harvey, under this trust agreement, obtained in or transcripted to Buffalo County, thus making it then a lien on the property in said county, does not give said defendants any present lien or claim upon or interest in said property, adverse to plaintiff or otherwise. The answer of these two defendants presents only their rights under the trust agreement with reference to the Scotts Bluff County property, and makes no claim of any interest in the Buffalo County property.

As to the defendant and appellant Ena, it is equally clear, from the amended petition itself, that she has and claims no interest of any kind in the Buffalo County property, adverse to plaintiff or otherwise. She had been entirely divested of all of her interest in all the properties involved in this action, except a part of the Scotts Bluff County property, by the second decree of the district court for Scotts Bluff County, granting her a divorce from Harvey and assigning to her a second time a part only of the Scotts Bluff County property and none of the Buffalo County property involved in this action; this decree having been finally affirmed by this court on March 17, 1944, prior to the filing of the amended petition, which, instead of the original petition which it superseded, must control. Her answer disclaims for herself, and denies that any other defendant has, any interest in the Buffalo County property,

and challenges the jurisdiction of the court over the subject matter of the action.

As to the remaining defendants, added by the amended petition, no facts are alleged which would give any of them any interest in the Buffalo County property. Whatever interest they are alleged to have or could possibly claim, under the facts alleged in the amended petition and the answer filed by only one of them, relates solely to the Scotts Bluff County property, with reference to the rents therefrom, or under the trust agreement referred to.

Thus it is evident, and we decide, that the pleadings, and for that matter the amended petition itself, disclose that, while the action purports to involve properties in two separate counties, plaintiff in fact alleged no claim or interest of any defendant adverse to plaintiff or otherwise, in the Buffalo County property and no defendant presented any such claim by answer. It follows that, although plaintiffs included the Buffalo County property in their action, they in fact had and stated no cause of action against any defendant with respect thereto. What is the effect, then, of this situation upon the question of the court's jurisdiction over the subject matter of this action, under the venue statutes of this state hereinbefore quoted and referred to?

It seems that the meaning and application of the particular provision of our venue statute, providing that when the property consists of separate tracts situated in two or more counties, the action may be brought in either county, as applied to the situation in the case at bar, has not been considered and is a matter of first impression in this jurisdiction.

Section 25-504, R. S. 1943, provides "When the action is rightly brought in any county, according to the provisions of this code, a summons shall be issued to any other county, against any one or more of the defendants at the plaintiff's request."

This provision has been construed by this court to mean that the action is not rightly brought, so as to authorize

service on a defendant in another county, when it develops that plaintiff has no issuable controversy as to the defendant served with summons in the county of the forum, and no reasonable basis for a cause of action against him, and said defendant has no substantial interest in the suit, adverse to plaintiff. See Bailey v. Chilton, 106 Neb. 795, 184 N. W. 939; Morearty v. Strunk, 118 Neb. 718, 226 N. W. 329; Lindeman v. Calamus Irrigation District, 122 Neb. 1, 238 N. W. 762.

In other words, plaintiff's right, under this statute, to have service upon a defendant in a foreign county, is entirely dependent upon his alleging, and finally proving, a cause of action against the defendant served in the county of the forum. By analogy, at least, it would seem to follow that plaintiff's right, in an action involving real estate, to join property in a foreign county, under the venue statute permitting the action to be brought in either county, where properties in different counties are involved, is likewise dependant upon his alleging and establishing a cause of action against at least one of the defendants, with respect to the property in the county of the forum. In the case at bar no such cause of action is alleged against any of the defendants.

In Jones v. Redemption & Investment Co., 79 Kan. 477, 99 P. 1129, a venue statute identical with the Nebraska statute under consideration herein was involved, an action having been brought in Sedgwick County, Kansas, to quiet plaintiff's title to land in that county, against defendants who claimed interest in that land only; and also to quiet title to land in Scott County, Kansas, against certain defendants who claimed no interest in the Sedgwick County land but only in the Scott County land. The Supreme Court of Kansas held that the court had no jurisdiction over the Scott County land in such action, and in its opinion said:

"The Code requires that an action for the determination of any right or interest in real estate must be brought in the county where the land lies (Code Civ. Proc. § 46 (Gen.

St. 1901, § 4476)), unless several tracts be involved, in which event the action may be brought in the county where any one of them is situated, except in actions for possession (Code Civ. Proc. § 47 (Gen. St. 1901, §4477)). The plaintiff argues that section 47 must be given a literal interpretation, and hence that it is wholly immaterial that the claimants of the land in controversy were not interested in any other tract and that none of their codefendants were interested in their land. Such an interpretation violates the clear spirit and purpose of the Code, which so far as possible makes actions relating to real estate local. If a party claim an interest in a tract of land adverse to another, the matter must be litigated in the court where the land lies. If, however, the claimed interest extends to several tracts in different counties, the adverse party may sue the claimant to determine such interest in any one of the counties. But a claimant cannot be compelled to defend his right to a tract of land lying in one county, in which he alone is interested adversely to the plaintiff, in an action brought against a stranger, in some other county, to determine rights to land lying there in which no one but the stranger is interested adversely to the plaintiff.

"The question is not one of misjoinder of causes of action, but is one of venue over disconnected and unrelated subjects of action, and the plaintiff could not enlarge the jurisdiction of the Sedgwick county court to include Scott county land claimed only by the plaintiffs in error, by suing other defendants in Sedgwick county who claimed Sedgwick county land only."

McNee v. Hart, 117 Okla. 220, 246 P. 373, also involved a venue statute identical with the Nebraska statute in question, and an action brought in Oklahoma County to quiet plaintiff's title to land in that county against certain defendants who claimed an interest in that land only, and also to quiet title to land in Garvin County against defendants who claimed no interest in the Oklahoma County land. The Supreme Court of Oklahoma held that the court

had no jurisdiction in that action over the Garvin County land, and said: "None of them claimed any interest in all of the tracts described, and under this state of the pleading we hold that the trial court was correct in sustaining the motions of the defendants * * *. This court in the case of Keenan v. Chastain et al., 64 Okl. 16, 157 P. 326, said: 'The question of jurisdiction is primary and fundamental in every case, and cannot be waived by the parties or over-looked by the court. It is the bounden duty of the court to examine into its jurisdiction, whether raised by any party or not, and sua sponte to determine its own juris-diction.' * * *

"We think it clear that plaintiff's petition was subject to the motion made. It is also evident that he could not have amended his petition under the law of this jurisdiction, because it is obvious that to have stated the real facts in his petition would have disclosed lack of jurisdiction. There is no community of interest, no privity of estate, nor privity of contract between all of the defendants which would be necessary to plead before an action of this character could be maintained in a county other than the county where the lands involved are situated."

In Banbury v. Brailsford, 158 P. 2d 826, the Supreme Court of Idaho had under consideration a venue statute similar to and not substantially different from the Ne-braska statute in question, and which provided that actions involving real estate "must be tried in the county in which the subject of the action, or some part thereof, is situated," but that " 'where the real property is situated partly in one county and partly in another, the plaintiff may select either of the counties, and the county so selected is the proper county for the trial of such action.' " In that case, as in the case at bar, plaintiff sued in one county to cancel two deeds covering real estate in the county of suit and another county. The court held that it had no jurisdiction, notwith-standing these provisions of the Idaho venue statute, above quoted, because it appeared that defendant had reconveyed

to plaintiff his interest in the land in the county of suit, the legality of which reconveyance was not questioned, and the defendant had disclaimed, in the action, any interest in said property.

These decisions in other jurisdictions, above reviewed, involving substantially the issue in the case at bar, appeal to us as being entirely logical and based on sound reasoning. To construe the venue statute involved otherwise would leave a plaintiff free to join, in an action in one county, as many separate actions as he chose, involving real estate in the county of the forum and other counties, notwithstanding the defendants as to the property in each county were separate and distinct from the defendants as to the property in each of the other counties, and had no interest in or claim with respect to such other property, even though, as in Banbury v. Brailsford, *supra,* and in the case at bar, plaintiff alleged no interest or claim of any defendant in the property in the county of the forum and no defendant made any such claim.

We hold that the court has no jurisdiction over the subject matter, in an action brought under section 25-402, R. S. 1943, which provides that an action involving separate tracts of real estate, situated in different counties, may be brought in any county in which any tract, or part thereof is situated, when, as in the case at bar, the pleadings disclose that none of the defendants have or claim any interest, adverse to plaintiff, in the property situated in the county in which the action is brought.

It therefore follows that the trial court had no jurisdiction over the subject matter of the action in the case at bar, and therefore had no jurisdiction to issue the permanent injunction from which this appeal is taken. This conclusion disposes of a cross-appeal taken by plaintiff herein, which assigns as error the trial of the action for permanent injunction, over plaintiff's objection, during the absence of plaintiff in the armed services.

Although that part of plaintiff's action which seeks to cancel the deeds and quiet plaintiff's title are not before this court on this appeal, and apparently has not yet been tried, nevertheless this court has been required to consider and has determined, of necessity, the court's jurisdiction over the subject matter of the entire action. It is fundamental that want of jurisdiction of the subject matter of the action is a defect which is the duty of the court to raise, of its own motion, by dismissal of the action, or other suitable action, at any stage of the proceedings. Stewart v. Herten, 125 Neb. 210, 249 N. W. 552.

Accordingly the judgment of the trial court, granting the permanent injunction appealed from, is reversed and the cause remanded with directions to vacate the permanent injunction together with the restraining orders and temporary injunctions preceding it, and to dismiss the action.

REVERSED WITH DIRECTIONS.