## Richfield Coal Co. v. Bennett et al.

June 3, 1949.

Hiram H. Owens for appellant.

Glenn H. Stephens for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Reversing.

This action in ejectment was brought by appellant, Richfield Coal Company, in the Bell Circuit Court against 30 defendants whom the petition averred were trespassing upon the lands of the Company lying partly in Bell County and partly in Knox County. The description of the land is not set out in the petition but is contained in an exhibit attached thereto and describes one large body of land. A special plea to the jurisdiction was filed by 28 of the defendants which set out they were citizens and residents of Knox County and their lands lie in that county and they were asserting no claim to any land situated in Bell County. This plea was sustained and the court held it had no jurisdiction over these defendants, whose lands were situated in Knox County and who made no claims to lands in Bell County, and dismissed the petition as to them. The Company appeals.

Appellant rests its case squarely on sec. 62 of the Civil Code of Practice which provides that an action concerning the recovery, partition, sale or injury to real estate "must be brought in the county in which the subject of the action, or some part thereof, is situated." Our statute authorizing an action to quiet title (KRS 411.120) likewise provides the suit shall be brought "in equity, in the circuit court of the county where the land or some part of it lies."

Appellees insist that as they all reside in Knox County and as the lands to which they claim title are located in that county, the Bell Circuit Court has no jurisdiction of them despite the fact that the land in controversy may be contiguous to other lands owned by the Company which are situated in Bell County. Their argument is that the Company may not acquire a tract in Knox County contiguous to land it owns in Bell County and by incorporating the two tracts into one boundary give the Bell Circuit Court jurisdiction over the land situated in Knox County.

In the briefs it is argued that this question is one of first impression in this court. However, Collins v. Adams, 207 Ky. 42, 268 S. W. 828, relied upon by appellant, appears to us to be decisive of this controversy. There, a tract of 104 acres was situated partly in Letcher and partly in Knott Counties and the plaintiff brought suit in the Letcher Circuit Court to quiet title and to enjoin defendant from trespassing upon the land. A special demurrer was filed to the petition in which defendant stated he was claiming no land in Letcher County but only claimed title to land lying in Knott County, therefore the Letcher Circuit Court had no jurisdiction. The trial judge was of the impression that the only land in controversy was that lying in Knott County and that as this was the subject of the action the suit was improperly brought in the Letcher Circuit Court.

In reversing the judgment in the Collins case, 207 Ky. 42, 268 S. W. 828, this court said the injury was not to that portion of the land situated in Letcher County or to that portion situated in Knott County, but to the land as a whole, which must be treated as an entity. It was forcefully pointed out in the opinion that any other interpretation of Civil Code of Practice, sec. 62 or KRS 411.120 would have a tendency to increase litigation, since if one owned a farm consisting of three contiguous tracts, but each located in a different county, the plaintiff would have to go into three different courts if depredations were committed by the same person but separately on the three tracts. As there said, this is the very thing the General Assembly intended to avoid in passing the two venue statutes just mentioned. It was further written in the Collins opinion that the legislative purpose was to give the aggrieved party the right to select the jurisdiction in which to file his action when he owned several contiguous tracts located in different counties which he used or treated as one boundary.

The gist of the Collins opinion, 207 Ky. 42, 268 S. W. 828, as we understand it, is that the subject of the action is not the part or tract actually involved, but the subject of the action is the body of land as an entity, regardless of how many tracts compose it or in what counties they may be situated. As said in Flinn v. Blakeman, 254 Ky. 416, 71 S. W. 2d 961, at page 974, the

venue is determined by the location of the property, not by the residence of the parties, and under our statutory and code provisions the action must be brought in the county in which the land or some part thereof is situated. The legislature left the choice of the venue to the plaintiff, only limiting him to bring the action in the county where a part of the land is located.

Appellees aver in their plea to the jurisdiction that the tract of 152½ acres located in Knox County, from which the lots are taken in which they claim title, has never been merged with or incorporated in any larger boundary which extends into Bell County. They insist this averment must be taken as true since the Company did not answer their plea to the jurisdiction. However, it was not necessary for the Company to answer the plea to the jurisdiction because the petition averred the Company owned a boundary of land situated partly in Bell and partly in Knox Counties upon which defendants were trespassing and asserting title, and the description attached to the Company's petition was that of one large boundary of land. Thus an issue was formed.

Appellees lean heavily upon the domestic cases of Bronaugh v. Com., 188 Ky. 103, 221 S. W. 531; Elliott v. Hensley, 188 Ky. 444, 222 S. W. 507; Patrick v. Com., 213 Ky. 37, 280 S. W. 453, and the foreign case of Lippincott v. Wolski, 147 Neb. 930, 25 N. W. 2d 747, 169 A. L. R. 1236, as well as 56 Am. Jur. sec. 12, p. 15.

The Bronaugh case deals with three separate patents issued by the State of Virginia in 1788, two of which were for 6000 acres each and the third for 8000 acres. The two 6000 acre tracts were in Leslie County and the 8000 acre tract was in Harlan County. The Commonwealth brought suit in the Harlan Circuit Court to forfeit title to the entire 20,000 acres for failure of the owner to pay taxes. The pleadings showed they were three separate and distinct tracts which had never been incorporated into one boundary, therefore it was decided the Harlan Circuit Court had no jurisdiction over the Leslie County lands.

We cannot see that the Elliott case has any bearing on the controversy. All it decided was that actual possession of one tract of wild, unfenced land did not give

title to adjoining tracts with only color of title, but that actual possession of these is necessary where the four tracts are covered by four separate patents and the lands have never been merged into one body.

The Patrick case is similar to Bronaugh v. Com., 188 Ky. 103, 221 S. W. 531. The action was brought in the Knott Circuit Court to forfeit title to a large number of patents for failure to pay taxes on the lands covered by them. Patrick answered and claimed title to eight of the patents described in the petition calling for 200 acres each. He pleaded that one of these 200 acre patents was situated in Breathitt County and the Knott Circuit Court had no jurisdiction. This court upheld his plea, as it was not shown any part of this 200 acre patent was in Knott County or that it was a part of a boundary of land located in Knott County.

The text in 56 Am. Jur. sec. 12, p. 15, deals with separate tracts of land lying in different counties owned by one person, and correctly says that an action to enforce rights affecting the separate tracts must be brought in the county where each is located . This section points out that there are often statutes, such as we have in this jurisdicion, providing that where one body of land lies in two counties, suit may be brought in that county in which any part of the land lies. This text in no respect is in conflict with the Collins case, 207 Ky. 42, 268 S. W. 828.

The facts in the Wolski case, 147 Neb. 930, 25 N. W. 2d .747, 169 A. L. R. 1236, are so involved it is rather difficult to determine just what the court held. However, as we read the opinion and the Nebraska statutes, it decides that where two separate tracts are located in two different counties, the court of one county has no jurisdiction over the land situated outside its territorial limits where the defendant is claiming no interest adverse to the plaintiff in the land located in the county where the suit is brought. This in nowise conflicts with what we have here written or with the Collins opinion, 207 Ky. 42, 268 S. W. 828.

Manifestly, appellees lose sight of the fact that the lands in the instant controversy, while lying in two counties are not separate and distinct tracts, although

they were originally separated, but at the time this action was brought constituted one body of land and was used as such for mining purposes by the owner.

As we read the annotations in 169 A. L. R. 1245, et seq., the courts, as a general rule, are inclined to construe statutes passed by the various states relative to venue, where several tracts used as one boundary lie in two or more counties, as giving jurisdiction to the court over all the land if the action is brought in the county where any of the land is located, and thus avoid a multiplicity of actions; unless it be that the tracts are wholly independent of each other as to physical connection and as to title, in which event the forum will not assume jurisdiction of land situated outside its territorial limits.

For the reasons given the judgment is reversed for proceedings consistent with this opinion.