ANN PLANTZ, A MINOR, BY CLAIRE PLANTZ, MOTHER, NATURAL GUARDIAN, AND NEXT FRIEND, APPELLANT, V. HERBERT J. ARMBRUST ET AL., APPELLEES.

173 N. W. 2d 377

Filed January 6, 1970. No. 37319.

Monen, Seidler & Ryan, for appellant.

Joseph H. McGroarty, Bernard F. Schafersman, and Larry E. Welch, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The plaintiff, Ann Plantz, was injured on February 15, 1967, when her clothing caught fire while she was standing next to a wall heater in an apartment in Fremont, Nebraska. The property was owned by the defendant Herbert J. Armbrust. The wall heater had been

serviced by the defendant Lambert Coufal, an employee of the defendant Ray O. Buckridge.

This action was brought in Douglas County, Nebraska, to recover damages for the injuries the plaintiff sustained in the accident in Dodge County, Nebraska. The defendant Armbrust is a resident of Douglas County and was served in that county. The defendants Coufal and Buckridge are residents of Dodge County and were served in that county.

After the defendants had answered but before trial the plaintiff and the defendant Armbrust entered into a settlement agreement which resulted in a payment of $95,000 to the plaintiff and a dismissal of the action as to the defendant Armbrust only. The defendants Coufal and Buckridge then moved to dismiss the action on the ground that the court had lost jurisdiction over them. The trial court sustained the motion and dismissed the action without prejudice as to the defendants Coufal and Buckridge. The plaintiff has appealed.

The case turns on the interpretation to be placed on section 25-504, R. R. S. 1943, which provides: "When the action is rightly brought in any county, according to the provisions of this code, a summons shall be issued to any other county, against any one or more of the defendants at the plaintiff's request." The plaintiff contends that the action was "rightly brought" in Douglas County because the resident defendant Armbrust was a bona fide defendant. The plaintiff argues that the settlement with Armbrust demonstrates that the plaintiff could have recovered against that defendant. The plaintiff cites decisions from Ohio and Oklahoma under similar statutes holding that a pre-trial settlement with the resident defendant does not establish that the action was not "rightly brought."

We believe that the following decisions of this court are controlling. In Cobbey v. Wright, 23 Neb. 250, 36 N. W. 505, the plaintiff dismissed the action as to the

resident defendant and took a default judgment against the nonresident defendant. This court held that jurisdiction over the nonresident defendant depended upon the continued presence of the resident defendant as a party, and that the court lost jurisdiction over the nonresident defendant when the resident defendant ceased to be a party to the record.

In Lippincott v. Wolski, 147 Neb. 930, 25 N. W. 2d 747, 169 A. L. R. 1236, in discussing section 25-504, R. R. S. 1943, this court said: "In other words, plaintiff's right, under this statute, to have service upon a defendant in a foreign county, is entirely dependent upon his alleging, and finally proving, a cause of action against the defendant served in the county of the forum."

The plaintiff further contends that the defendants cannot now object to the jurisdiction of the court over their persons because they did not preserve such an objection in their answer. The objection did not exist until the action had been dismissed as to the defendant Armbrust. The objection was timely made and the plaintiff's contention is without merit.

The judgment of the district court is affirmed.

AFFIRMED.