F. G. JONES *et al.* v. THE REDEMPTION AND INVEST-
MENT COMPANY.

No. 15,826.   (99 Pac. 1129.)

SYLLABUS BY THE COURT.

JURISDICTION—*Quieting Title—Venue.* The plaintiff brought an
action in Sedgwick county to quiet its title to land in that
county against certain defendants who claimed interests in
that land only.  In the same suit the plaintiff sought to quiet
its title to land in Scott county against certain defendants
who claimed no interest in the Sedgwick county land. *Held,*
the court had no jurisdiction over the Scott county branch of
the controversy.

Error from Sedgwick district court; THOMAS C.
WILSON, judge.   Opinion filed February 6, 1909. · Re-
versed.

*W. B. Washington, Lee Monroe,* and·*George A. Kline,*
for plaintiffs in error.

*Kos Harris, V. Harris,* and *B. F. Milton,* for defend-
ant in error.

The opinion of the court was delivered by

BURCH, J.: The Redemption and Investment Com-
pany commenced suit in the district court of Sedgwick
county to quiet its title to two city lots lying in that
county, and also to quiet its title to six non-adjacent
quarter-sections of land lying in Scott county.   The
petition contained a general allegation that the de-
fendants claimed interests in the real estate adverse
to the plaintiff, the character and extent of which were
unknown to it, and then alleged specifically the par-
ticular tracts to which the claimed interest of each de-
fendant attached.   The result was that the defendants
were classified into seven groups, with the members
of each group interested in a single tract (treating the
city lots as one tract), and no other.   Service was made

by publication and judgment was rendered for the plaintiff. Afterward Jones and Washington, plaintiffs in error and successors in right to the defendants interested in one of the Scott county tracts, filed a motion to set aside the judgment, attacking the jurisdiction of the court because of the locality of the subject-matter and because of fatal defects in the service. The motion was denied, and this proceeding in error followed.

The code requires that an action for the determination of any right or interest in real estate must be brought in the county where the land lies (Civ. Code, § 46), unless several tracts be involved, in which event the action may be brought in the county where any one of them is situated—except in actions for possession (Civ. Code, § 47). The plaintiff argues that section 47 must be given a literal interpretation, and hence that it is wholly immaterial that the claimants of the land in controversy were not interested in any other tract and that none of their codefendants were interested in their land. Such an interpretation violates the clear spirit and purpose of the code, which, so far as possible, makes actions relating to real estate local. If a party claim an interest in a tract of land adverse to another the matter must be litigated in the court where the land lies. If, however, the claimed interest extend to several tracts in different counties the adverse party may sue the claimant to determine such interest in any one of the counties. But a claimant can not be compelled to defend his right to a tract of land lying in one county—in which he alone is interested adversely to the plaintiff—in an action brought against a stranger, in some other county, to determine rights to land lying there in which no one but the stranger is interested adversely to the plaintiff. The question is not one of misjoinder of causes of action but is one of venue over disconnected and unrelated subjects of action, and the plaintiff could not enlarge the jurisdiction of the Sedg-

wick county court to include Scott county land claimed only by the plaintiffs in error by suing other defendants in Sedgwick county who claimed Sedgwick county land only.

The plaintiff seeks to strain its general allegation to mean that all the defendants claimed interests in all the real estate described. Such, however, is not the apparent purpose or effect of the language used. Standing alone, it appears to have been employed merely to disclose the existence of interests adverse to the plaintiff and the extent of the plaintiff's knowledge of their character. When read with the subsequent specific description of the precise claim of each defendant all doubt is excluded.

The other grounds of the motion need not be considered. Since want of jurisdiction appeared on the face of the petition the judgment was subject to vacation on motion at any time.

The ruling of the district court on the motion is reversed and the cause is remanded, with instruction to vacate the judgment pursuant to the motion.