Argued June 20, affirmed June 27, 1916.

## CLARKE *v.* WARD & OBENCHAIN.

(158 Pac. 277.)

**Appeal and Error—Review—Verdict.**

1. In an action for the conversion of a carload of lumber which the plaintiff alleged to be his property under sale from a party against whom the defendant corporation had brought action and attachment, evidence *held* to support a verdict for the defendant, within the rule that where there is any evidence to support the verdict the court, under Article VII, Section 3, of the Constitution, is precluded from disturbing it.

From Klamath: GEORGE NOLAND, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

This is an action by W. I. Clarke, against Ward & Obenchain, a corporation, for the conversion of a carload of lumber which the plaintiff alleges to be his property.

The answer is a general denial.    The cause was tried by the court and a jury, and a verdict rendered in favor of defendant.        AFFIRMED.

For appellant there was a brief over the names of *Mr. W. M. Duncan* and *Messrs. May & Merryman,* with an oral argument by *Mr. Duncan.*

For respondent there was a brief and an oral argument by *Mr. Rollo C. Groesbeck.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. There were no objections or exceptions taken to the procedure upon the trial of this cause. It is contended on the part of plaintiff that there is no evidence to support the verdict. It appears that the lumber in question was attached in an action brought by the defendant corporation as the property of W. B. Barnes, whom plaintiff called to substantiate the allegations of his complaint. Barnes testified that he had sold the lumber to the plaintiff and received $1,500 therefor, but upon cross-examination his evidence tended to show that Barnes purchased a sawmill and outfit from plaintiff, that there was an unsettled matter between them, and that the sale of the lumber was not complete. He stated that he would have had some money coming from Clarke over and above what he owed him, and had this lumber been allowed to proceed on its way, as shipped, he would have received the money and would have brought it back and paid defendant. The jury were warranted in finding from the evidence that there had been no sale of the lumber by the Barnes Lumber Company to the plaintiff, and that the claim of such sale was a mere pretense. Indeed, it is difficult to see how the jury could have determined otherwise. Where there is any evidence to support the verdict, under Section 3 of Article VII of the Constitution (L. O. L., p. xxiv), the court is precluded from disturbing the same.

The judgment of the lower court is therefore affirmed.                                         AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE HARRIS concur.