**CREEK COUNTY et al. v. ROBINSON.**

No. 15547.—Opinion Filed March 23, 1925.

(Syllabus.)

1. **Newspapers—Selection by County Treasurer for Publication of Delinquent Tax List.**

Under section 9731, Comp. Okla. Stat. 1921, it is the duty of the board of county commissioners to designate the newspaper in which the delinquent tax list for the current year shall be published, provided, said board designates such paper prior to the 1st day of October of that year; but in case the board fails to designate such paper prior to that date, it then becomes the duty of the county treasurer to do so.

2. **Same—General Designation by County Commissioners of Newspaper for Legal Publications Insufficient.**

The designation by the board of county commissioners of a certain newspaper "as the legal paper to publish all legal proceedings," is not such a designation of a newspaper as prescribed by section 9731, Comp. Okla. Stat. 1921, so as to relieve the county treasurer, after the 1st of October, of the duty of selecting the newspaper in which to publish the delinquent tax list.

3. **Statutes—Repugnancy—Latest Act Controlling.**

Where two statutes cover the same subject and the statute last adopted is repugnant to and irreconcilable with the provisions covering the same subject in the first statute, the latest expression of the Legislature will govern.

4. **Newspapers—Fees for Publishing Delinquent Tax List—Repugnant Statutes — Implied Repeal.**

Section 9731, Comp. Okla. Stat. 1921, in so far as it refers to the fees for publishing the delinquent tax list is in conflict with section 6481, Comp. Okla. Stat. 1921, which was adopted by the Legislature long subsequent to section 9731, supra, and the same was repealed, by implication to the extent of the repugnancy, by the adoption of the later section.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Clyde M. Robinson against Creek County; Wallace Doolin, George Williby, C. E. Foster, County Commissioners, and J. E. Payne, County Treasurer of Creek County. From a judgment in favor of the plaintiff, defendants Creek County and Wal-

lace Doolin, George Williby, and C. E. Foster, County Commissioners, appeal. Affirmed.

Tom Wallace, Co. Atty., Don Lewis, Asst. Co. Atty., and Johnson & Miller, for plaintiffs in error.

McDougal, Allen & Pryor, McPherren & Wilson, and Kittie C. Sturdevant, for defendant in error.

MASON, J. The defendant in error, Clyde M. Robinson, was the owner and publisher of the Creek County Democrat, a newspaper which had been published in Shamrock, Okla., for a number of years. After October 1, 1923, the county treasurer of Creek county, being of the opinion that the board of county commissioners of said county had not designated a paper in which to publish the delinquent tax list for the year 1922, delivered the same, on October 9, 1923, to Robinson, who published it, as required by law, in said paper. It appears that there were 1,280 land descriptions for which a charge of 25 cents a piece was made, and 8,996 town lot descriptions for which a charge of 15 cents a piece was made, and 1,504 descriptions of paving tax for which a charge of 25 cents per description was made, or a total of $2,045.40. Robinson filed his claim for said amount with the board of county commissioners, and the same was disallowed. He then commenced this action, in the district court of Creek county, Okla., against the plaintiffs in error to recover such amount. Judgment was rendered for plaintiff for the amount sued for, together with costs and interest at 6 per cent., from which the county and the board of county commissioners have appealed.

For reversal, two questions are presented: First, that the county treasurer had no authority to designate the newspaper of the plaintiff for such publication; and second, that the judgment is excessive in that the trial court allowed plaintiff to recover 15 cents for each town lot description. It being the contention of the defendants that the maximum rate allowed by law is ten cents for each town lot description.

Section 9731, Comp. Stat. 1921, provides:

"The treasurer shall give notice of the sale of real property for delinquent taxes by publication thereof once a week for three consecutive weeks, commencing after the first day of October, preceding the sale, in some newspaper in the county, to be designated by the board of county commissioners, and if the board of county commissioners shall fail to designate such paper, then in a paper to be selected by the treasurer. Such notice shall contain a notification that all

lands on which the taxes of such fiscal year remain due and unpaid will be sold, and of the time and place of the sale, and shall contain a list of the lands to be sold and the amount of taxes due. The county treasurer shall charge and collect in addition to the taxes, interest, and penalty the sum of 25 cents on each tract of real property other than town lots, and ten cents on each town lot advertised for sale, which sum shall be paid into the county treasury, and the county shall pay the cost of the publication of such notice. But in no case shall the county be liable for more than the amount charged to the delinquent lands for advertising."

Under this section, the county treasurer is to give the notice after the first day of October. To do so, he must furnish the list. The county commissioners shall designate the paper, but if they fail or neglect so to do, impliedly and necessarily by the 1st of October, then it becomes not only the privilege but the duty of the county treasurer to select the paper. Cherokee County Pub. Co. v. Cherokee County, 48 Okla. 722, 151 Pac. 187.

The agreed statement of facts upon which the case was presented to the trial court contains the following paragraph:

"That on the 2nd day of July, 1923, the county commissioners of Creek county, in regular session, adopted the following motion which appears duly recorded in the minutes of the proceedings of said meeting, as follows: 'On motion of Commissioner Doolin, seconded by Commissioner Foster, the Oilton Gusher is hereby designated as the legal paper to publish all legal proceedings for six (6) months from date. Motion carried.'"

Plaintiffs in error contend that this action of the board designated the Oilton Gusher as the paper in which to publish all legal proceedings, and that such action necessarily included the printing of said tax list, and that therefore the county treasurer was without authority to designate the paper of the plaintiff.

A question very similar to this was before this court in Cherokee County Pub. Co. v. Cherokee County, supra; and in Allen & Rixse v. Board of County Commissioners, 12 Okla. 603, 73 Pac. 286, and in the former case the court in referring to the latter case used the following language:

"It appears from that case that prior to 1895 (Stat. 1893, sec. 9, art. 10, c. 70, entitled 'Revenue') the law required the county treasurer to publish the tax list 'in the official newspaper of the county,' which was to be selected by the county commissioners, but the act of that year (section 5, art. 3, c. 43, Session Laws 1895) changed the law in

that respect, and provided, 'The treasurer shall give notice * * * in some newspaper of the county,' and that is the language of the law today. The county commissioners shall designate 'some newspaper of the county.' and if the board of county commissioners fail to do so up to October 1st, 'the county treasurer shall designate some newspaper of the county.' So it will be seen that when it became the duty of the county treasurer to select the paper, he was not bound to select the official paper of the county, even if there was one; his only limitation is 'some newspaper in the county,' of course, having the necessary legal requirements as to time, for publishing legal notices."

The court then quotes from Allen & Rixse v. County Commissioners, Cleveland County, supra, as follows:

"This section makes it the duty of the county treasurer to publish this list, and the natural inference would be that the party upon whom the law cast the duty should be the proper person to select the medium through which this publication was to be made, and, it being the duty of the treasurer to cause this publication to be made, it would seem to be his right to select the newspaper, unless a contrary intention of the Legislature was manifest in the statute. This duty of publishing the delinquent tax list is only imposed by statute, and, if the statute does not in express terms or by reasonable implication indicate a different intention, then the person whose duty it was to have the same published would be considered the proper person to select the agency by which this notice was given, and the legislative will carried out. * * * If the question were as to who should have the right to select an official newspaper for the county, it might reasonably be contended that, as the county commissioners had control and management generally of the fiscal affairs of the county, they would be the proper authority to determine this question, and if they had made a choice of a newspaper which should do the county printing, and to be generally recognized as the official newspaper of the county, then, as the law stood prior to the amendment of 1895, it might be reasonable to suppose that it would be the duty of the county treasurer to recognize such paper as the offical paper of the county, and, in obedience to the statute, publish the delinquent tax list in that paper, and he would have no choice in the matter, but it seems to us equally reasonable to suppose that, when the Legislature, in its wisdom, saw fit to take from the act the words 'official newspaper,' and substitute therefor the words 'some newspaper,' it was for some definite and distinct purpose, and that therefore they made manifest their intention to in some manner change the law as to the newspaper in which said lists must be published. It would not be reasonable to suppose that the lawmaking power made this change of lan-

guage without any purpose, or that the same was carelessly * * * done: it would be more reasonable to suppose that, when they made this change in the language of the law, they had the act they were amending before them, and comprehended and understood the change they were making, and made such change for a well-understood purpose."

The publication of the delinquent tax list is a duty devolving upon the treasurer's offic^, and the only connection which the board of commissioners has therewith is the mere designation of the paper in which it is to be published, if done before October 1st, and such publication is not a legal proceeding of such board and is not included in its proceedings to be published in the "official paper" as designated by said board.

If, as held in the Cherokee Publishing Company Case, supra, the county treasurer, in designating a newspaper for such publication, is not required to select the official paper of the county as designated by the county commissioners, it is apparent that the designation of an official paper by such board is not sufficient to deprive the county treasurer, after the 1st of October, of the duty of designating the newspaper in which such list shall be published.

We, therefore, conclude, from all the facts in this case, that it was the duty of the county treasurer, at the time he did so, to designate the paper in which to publish said tax list.

It is next urged that the trial court erred in rendering judgment for plaintiff for 15 cents per town lot description. Counsel rely upon section 9731, supra (sec. 7397, Rev. Laws Okla. 1910) and the case of Muskogee Times-Democrat v. Board of Commissioners of Muskogee County, 76 Okla. 188, 184 Pac. 591, decided by this court on October 15, 1919. In that case the court held that section 3258, Rev. Laws Okla. 1910, which prescribed the fees for printing legal notices and provided, in part, as follows:

"For publishing lists of lands upon which taxes are delinquent, each description, 20 cents. For publishing lists of town lots on which taxes are delinquent, each description, ten cents"

—was a general statute, and that section 7397, Rev. Laws Okla. 1910 (sec. 9731, supra), in so far as it refers to the fees for publishing, is a special statute, and that the former section was not repealed by the latter. The facts in that case, however, arose before the amendment of section 3258, supra, by the Legislature of 1919. Said section, as amended by the Legislature of 1919, is now found in Comp. Okla. Stat. 1921, as

section 6481, and provides, in part, as follows:

"* * * For publishing lists of lands upon which taxes are delinquent, each description, 25 cents ($0.25). For publishing lists of town lots on which taxes are delinquent, each description, 15 cents ($0.15)."

It will be observed that by section 3258, Rev. Laws Okla. 1910, which was a part of the Statutes of the territory of Oklahoma since 1890, and which was adopted as a part of the Statutes of the state of Oklahoma at statehood, it is provided that the fee for publishing the delinquent tax list of town lots shall be ten cents per description. It will also be observed that section 9731, Comp. Okla. Stat. 1921, supra, relied on by the plaintiffs in error, and which was adopted by the Legislature of 1909, does not fix the specific amount of fees to be paid for such service, but provides that the county treasurer "shall charge and collect * * * ten cents on each town lot advertised for sale * * * and the county shall pay the cost of publication of such notice. But in no case shall the county be liable for more than the amount charged * * * for advertising." It therefore would seem that the fee for publishing each description of town lots was limited by said section to ten cents per description. The Legislature of 1919, as above stated, amended section 3258, Rev. Laws Okla. 1910, so as to provide a fee for such publication of 15 cents per town lot. Section 6481, Comp. Okla. Stat. 1921 (Session Laws Okla. 1919, c. 167). It is therefore apparent that the Legislature intended to repeal section 7397, Rev. Laws Okla. 1910, in so far as it attempted to limit such fees to ten cents for each town lot description.

We are not unmindful of the rule to the effect that repeals by implication are not favored, but it is also well settled that the Legislature may, within constitutional limitations, express its will in any form it sees fit, and a repeal is effected where the intention to repeal is clearly evinced. Where two statutes cover the same subject and the statute last adopted is repugnant to and irreconcilable with the provisions covering the same subject in the first statute, the latest expression of the Legislature will govern. Where the conflict is irreconcilable on the subject covered by both statutes, the old law is repealed by implication to the extent of the repugnancy, but no further. City of Pawhuska v. Pawhuska Oil & Gas Co., 64 Okla. 214, 166 Pac. 1058.

Sections 9731 and 6481, Comp. Okla. Stat. 1921, in so far as they refer to the fee for publishing the delinquent tax list of town lots, cannot both stand, and it is therefore evident that the Legislature intended to repeal the former, in so far as it was in conflict with the latter.

We are, therefore, of the opinion that the plaintiff was not limited to recovering ten cents per town lot description, as contended for by the plaintiffs in error, but we are of the opinion that the trial court properly held the fees for such publication to be 15 cents per description.

Some contention is also made that the county is not liable for interest and costs accruing in the trial of the case. No authorities are cited in support of such contention, and we know of none.

The judgment of the trial court is therefore affirmed.

NICHOLSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.