## McNEE v. HART et al.

No. 16582—Opinion Filed April 27, 1926.

### 1. Courts—Jurisdiction — Determination— Waiver.

The question of jurisdiction is primary and fundamental in every case, and cannot be waived by the parties or overlooked by the court. It is the bounden duty of the court to examine into its jurisdiction, whether raised by any party or not, and "sua sponte" to determine its own jurisdiction.

### 2. Venue—Quieting Title to Land.

Plaintiff brought an action in Oklahoma county to quiet his title to land in that county against certain defendants who claimed interests in that land only. In the same suit the plaintiff sought to quiet his title to land in Garvin county against certain defendants who claimed no interest in the Oklahoma county land. Held, that the court had no jurisdiction over the Garvin county branch of the controversy.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; Wm. H. Zwick, Judge.

Action by George A. McNee against Walter L. Hart et al. Judgment for defendants, and plaintiff brings error. Affirmed.

Twyford & Smith and Leo G. Mann, for plaintiff in error.

H. G. Butts, S. J. Goodwin, A. F. Pyeatt, and H. W. Harris, for defendants in error.

Opinion by JONES, C. This suit was instituted in the district court of Oklahoma county by the plaintiff in error, as plaintiff, against Walter L. Hart et al., defendants in error, as defendants, to remove cloud from title on various tracts of land. The record discloses that there were 94 persons named as defendants, and that the lands involved consist of one town lot in Oklahoma City, Oklahoma county, and 43 separate and distinct tracts of land in Garvin county. The petition alleges that plaintiff "is the owner in fee simple and holds legal title to certain real estate hereinafter described, and is in the exclusive, adverse, complete, and undisturbed possession thereof." Followed by a description of the lot in Okla-

homa City and 43 tracts of land in Garvin county, and further alleged that:

"Defendants, and each of them, claim some right, title, interest, and estate, in and to the above-described real estate," etc.

—and closes with the ordinary prayer found in petitions praying for the removal of cloud from title.

To this petition, the defendants, who were served, each filed a separate motion asking that the court require the plaintiff to separately state and number his causes of action in so far as they might affect this defendant, and because this defendant is the owner of or has an interest in the title to certain of the lands in plaintiff's petition described, but that he has no community of interest in any of said lands with any of the other defendants herein, and does not derive his title thereto from a common source with either of said defendants, and that the lands in which this defendant is interested are located in Garvin county, Okla., and that he is not in any way interested in the real property described in plaintiff's petition located in Oklahoma county, and does not have at this time, nor has he ever had or claimed, any right, title, interest, or estate in said Oklahoma county property, and that plaintiff has a separate cause of action against this defendant, separate and apart from any action plaintiff may have against the codefendants.

Similar motions were filed by each of the defendants, and the defendant R. R. Odom attached to his motion, and made the same a part thereof, a letter written by Leo G. Mann, one of the attorneys for the plaintiff, George A. McNee, addressed to B. B. Ralph, Kansas City, Mo., which discloses that the attorney, Mann, was making a specialty of clearing tax titles to lands in this state, and particularly in Garvin county, and among other things states:

"We have been having more or less success here for the reason that we have evolved a procedure of pleading which does not require us to attach our tax deeds to the petition, does not necessitate us to disclose our title. Therefore, when the defendant attempts to plead, he is at sea, is likely to make allegations which we may cause to be stricken, or may fail to plead sufficient facts to constitute a defense, or to put us to the burden of proving the validity of our title."

It is evident from the letter, which is of considerable length, that it at least had reference to litigations similar to the litiga-

tion here involved. It refers to the fact that the writer of the letter has secured a large number of corrected tax deeds in Garvin county. We do not regard the letter as necessarily being competent evidence of any facts involved in this lawsuit, but no motion to strike or objections were made to attaching the letter to the motion, hence we consider it worthy of consideration, and that it throws some light on the questions here involved. The trial court sustained the various motions. Plaintiff elected to stand on his pleadings, and appeals.

Appellant relies upon section 200, C. S. 1921, which reads as follows:

"If real property, the subject of an action, be an entire tract, and situated in two or more counties, or if it consists of separate tracts, situated in two or more counties, the action may be brought in any county in which any tract, or part thereof, is situated, unless it be an action to recover possession thereof, and if the property be an entire tract, situated in two or more counties, an action to recover possession thereof may be brought in either of such counties; but if it consists of separate tracts in different counties, the possession of such tracts must be recovered by separate actions brought in the counties where such tracts are situated. An action to compel the specific performance of a contract to sell real estate may be brought in the county where the land lies or where the defendants, or any of them, reside, or may be summoned."

This statute provides that an action pertaining to real estate may be brought in any county in which a part thereof is situated, unless it be an action to recover possession, and where the land is composed of one entire tract, an action for possession will lie in either county. Appellant cites numerous authorities construing this statute, with which we have no controversy, but we do not regard same as applicable to the facts in this case. It is evident from the petition and the motion filed in this case, that no community of interest in lands existed between the various defendants. All of the defendants appearing and filing motions disclaim any interest in the lot described in plaintiff's petition situated in Oklahoma City, and we think it fair to assume that each of the defendants only claimed title or interest in separate and distinct tracts of land. None of them claimed any interest in all of the tracts described, and under this state of the pleading, we hold that the trial court was correct in sustaining the motions of the defendants. Appellant presents his causes

here under two diff*rent heads or propositions, as follows:

"(1) An action to quiet title may be brought in one county where the subject of the action is separate tracts situated in two or more counties."

"(2) The statutory petition to quiet title is not subject to a motion to separately state and number."

As abstract propositions of law, the po.itions taken are correct when applied to actions properly brought, but same are not applicable to the facts with which we are here confronted. The various motions presented are sufficient to call the court's attention to the question of jurisdiction, and the petition attacked, in our judgment, was insufficient, and the facts were not set forth in such manner as to enable the court to determine with any degree of certainty that the jurisdictional facts existed. This court in the case of Keenan v. Chastain et al., 64 Okla. 16, 157 Pac. 326, said:

"The question of jurisdiction is primary and fundamental in every case, and cannot be waived by the parties or overlooked by the court. It is the bounden duty of the court to examine into its jurisdiction, whether raised by any party or not, and 'sua sponte' to determine its own jurisdiction."

Numerous other Oklahoma authorities adhere to this doctrine, and in 30 Cyc. 125, the following rule is announced:

"In order that a plaintiff may join two or more persons as defendants in an action, it is not sufficient for him to show a valid cause of action against each defendant, or even to show a union of consequences from wrongful acts pleaded as committed at the same time by all defendants, or to show a liability in the alternative as between two defendants, or to show a liability in each defendant as respects the same subjectmatter. But plaintiff must show, as against all whom he makes codefendants, some community of responsibility."

And in 32 Cyc. 1348, the author states:

"All persons claiming an interest in the land may be joined as defendants, although each claims a separate parcel of the land, under a distinct right. But defendants who do not, in every instance, claim interest adverse to plaintiffs in the same tract of land, cannot be joined in an action to quiet title of all the tracts."

And in the case of Jones v. Redemption & Investment Co., 99 Pac. 1129, the Supreme Court of Kansas, in passing upon a question identical with the one with which we are here confronted, said:

"A plaintiff brought an action in Sedgwick county to quiet his title to land in that county against certain defendants who claimed interests in that land only. In the same suit the plaintiff sought to quiet his title to land in Scott county against certain defendants who claimed no interest in the Sedgwick county land. Held, that the court had no jurisdiction over the Scott county branch of the controversy."

And in the body of the opinion we find this language:

"The plaintiff argues that section 47 must be given a literal interpretation, and hence that it is wholly immaterial that the claimants of the land in controversy were not interested in any other tract, and that none of their codefendants were interested in their land. Such an interpretation violates the clear spirit and purpose of the Code, which, so far as possible, makes actions relating to real estate local. If a party claims an interest in a tract of land adverse to another, the matter must be litigated in the court where the land lies. If, however, the claimed interest extends to several tracts in different counties, the adverse parties may sue the claimant to determine such interest in any one of the counties. But a claimant cannot be compelled to defend his right to a tract of land lying in one county, in which he alone is interested adversely to the plaintiff, in an action brought against a stranger, in some other county, to determine rights to land lying there in which no one but the stranger is interested adversely to the plaintiff."

In the case of Maguire v. Cunningham, 222 Pac. 838, the Supreme Court of California held:

"But one cause of action is presented where complaint seeks to quiet title to many parcels of land, even if they be noncontiguous, provided only that the conflicting claims to all the parcels be between the same parties."

We think it clear that plaintiff's petition was subject to the motion made. It is also evident that he could not have amended his petition under the law of this jurisdiction, because it is obvious that to have stated the real facts in his petition would have disclosed lack of jurisdiction. There is no community of interest, no privity of estate, nor privity of contract, between all of the defendants, which would be necessary to plead before an action of this character could be maintained in a county other than the county where the lands involved are situated.

We therefore hold that the judgment of the trial court is correct, and that the same should be and is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 15 C. J. p. 844 § 164: p. 852 § 171. (2) 32 Cyc. p. 1346.