PIERCE v. PIERCE.

1. DIVORCE—CIRCUIT COURT—ADOPTION—PROBATE COURT—JURISDICTION.

The matter of alimony payments for the support of a child is exclusively within the jurisdiction of the court which had granted a divorce to the child's parents, hence, the decree is not subject to amendment by the probate court lodged with jurisdiction relative to matter of adoption of such child.

2. SAME—REACQUISITION OF JURISDICTION—DENIAL OF ADOPTION.

Upon a probate court's denial of adoption of a child by the second husband of plaintiff's former wife and ordering restoration of parental rights, the circuit court is entitled to resume its jurisdiction over the custody of the child hitherto acquired in divorce proceedings.

3. SAME—PETITION TO MODIFY DECREE AS TO SUPPORT OF CHILD—NOTICE—HEARING.

Plaintiff husband in suit for divorce is entitled to notice of pendency of wife's petition to amend decree relative to support of their child, to participate in the hearing and make any showing he could concerning the whole matter of his support of the child and as to his custody of the child (Court Rule No. 10 [1945]).

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ADOPTION—SUPPORT OF CHILD—DIVORCE.

The validity and scope of probate court's ex parte order restoring parental rights upon denial of petition for adoption of child of divorced parents where validity of such order is not denied by either party to suit for divorce between parents of the child is not determined on appeal from order dismissing mother's petition to reinstate alimony for support of child (Act No. 288, chap. 10, § 10, Pub. Acts 1939, as added by Act No. 324, Pub. Acts 1945, and amended by Act No. 358, Pub. Acts 1947; chap. 12a, § 18, as added by Act No. 54, Pub. Acts 1944 [1st Ex. Sess.]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 17 Am. Jur., Divorce and Separation, §§ 431, 697, 703.

Appeal from St. Joseph; Jacobs (Theo T.), J. Submitted January 4, 1949. (Docket No. 13, Calendar No. 44,243.) Decided February 28, 1949.

Divorce proceedings by John Herbert Pierce against Marjorie Mae Pierce. On petition of defendant for *ex parte* order requiring payment of support for minor child. Petition denied. Defendant appeals. Affirmed.

*A. W. Jurma,* for plaintiff.

*C. L. Stickler,* for defendant.

Reid, J. Plaintiff and defendant formerly were husband and wife. There was a decree of divorce entered on September 17, 1945. Under the decree, the custody and control of James Edward Pierce, the young son of the parties, was awarded to defendant Marjorie Mae Pierce (now Follis), and the plaintiff John Herbert Pierce was required to pay $30 per month for the support and maintenance of said minor child, James Edward Pierce, until the further order of the court. Subsequent to the decree, defendant married Howard Lee Follis. The defendant and her husband Follis desired that James Edward Pierce, the son of the parties to this proceeding, be adopted by Follis, so that Follis would stand as the adopted parent in place of plaintiff.

Plaintiff (apparently on March 7, 1947) petitioned the court that he be given authority to consent to the adoption of James Edward Pierce by Follis and that the decree of divorce be amended, canceling the provisions made for the support of said James Edward Pierce. The circuit court on March 7, 1947, granted plaintiff's petition and gave plaintiff leave and authority to consent to the adoption of James Edward Pierce, and amended the decree of divorce by cancel-

ing the provisions made therein for the support of James Edward Pierce. Plaintiff by his attorney, Franklin P. Bush, and defendant by her attorney, C. L. Stickler, stipulated in writing that consent to the adoption of James Edward Pierce having been filed in the probate court, the alimony in the divorce case be terminated as of March 26, 1947. The stipulation was dated April 9, 1947, and on the same date the circuit court ordered that the alimony for the support of James Edward Pierce terminate as of March 26, 1947.

Upon the adoption proceedings being instituted in the probate court, it became necessary that the would-be adoptive parent be on probation for one year. Within the year, differences occurred between defendant Marjorie Mae Pierce, now Follis, and her second husband, Howard Lee Follis, and defendant filed a bill for divorce against Follis some time prior to March 14, 1948. At the request of defendant in this case, Marjorie Mae Follis, and apparently without notice to plaintiff John Herbert Pierce, the probate court on March 14, 1948, made an order determining that it was for the best interests of James Edward Pierce that an order of adoption be denied, and denied the order of adoption and recognized the withdrawal of the consent to said adoption by Marjorie Mae Follis and further ordered,

"That the said James Edward Pierce is hereby returned to the control and custody of his mother, Marjorie Mae Follis, hereby restoring to the said Marjorie Mae Follis all her parental rights in and to said child."

Apparently the probate court in making its order, and especially the above-quoted portion, was acting under Act No. 288, chap. 10, § 10, Pub. Acts 1939, as added by Act No. 324, Pub. Acts 1945, and as amended by Act No. 358, Pub. Acts 1947 (4 Comp. Laws

1948, § 710.10 [Stat. Ann. 1947 Cum. Supp. § 27.3178 (550)]), which is as follows:

"If the court shall deny an order of adoption, the court may return the child to the parents or original custodian and restore their rights, or make such disposition appropriate for the welfare of the ward as is authorized by section 18 of Act No. 54, of the Pub. Acts for 1944 (First Extra Session),* by an *ex parte* order entered in said probate court."

A copy of the probate court order of March 14, 1948, was filed in the circuit court on June 18, 1948, on or about which date defendant Marjorie Mae Follis filed her petition in the divorce court, which petition, after entitling, is as follows:

"Now comes your petitioner, Marjorie Mae Follis, and respectfully represents to this honorable court as follows:

"1. That on the 17th day of September, 1945, a decree of divorce was entered in the above entitled cause, and custody of the minor child of the parties, James Edward Pierce, was granted to the defendant as more particularly appears in the record and files in said cause.

"2. Subsequently, upon petition of the plaintiff, John Herbert Pierce, an order was entered by this court upon said petition on the 7th day of March, 1947 as follows:

" 'It is further ordered, that the decree of divorce heretofore entered in said cause be and the same is hereby amended and the provisions made therein for the support for the said James Edward Pierce are hereby canceled, upon his filing in the probate court of said county his consent for adoption, and upon paying all fees including alimony to date.'

"3. That although such consent was filed in the

---

* The section here referred to was added by the above-cited act to Act No. 288, chap. 12a, Pub. Acts 1939 and is 4 Comp. Laws 1948, § 712A.18 (Stat. Ann. 1947 Cum. Supp. § 27.3178 [598.18]).— REPORTER.

probate court of this county for the adoption of the said James Edward Pierce as set forth in said petition, nevertheless, such adoption was not granted but was denied by the probate court of said county, copy of which order is attached hereto and made a part hereof.

"4. That by Act No. 288, chap. 10, § 10, Pub. Acts 1939, as added by Act No. 358, Pub. Acts 1947 (4 Comp. Laws 1948, § 710.10 [Stat. Ann. 1947 Cum. Supp. § 27.3178 (550)]), which provides:

" 'for the restoration of the rights of the parents or original custodian of said child and the original custodian of said child being by the order of this court' [quotation inexact]

"Marjorie Mae Follis shows to this honorable court that said order made by this court be further amended to restore the provisions of alimony made for said child by this court.

"Wherefore, petitioner hereby prays that an *ex parte* order be entered in this court amending said order made March 7, 1947, reinstating for the benefit of said child, James Edward Pierce, the provisions of the original order of said court with relation to said child effective as equity would require."

The petition was sworn to on June 15, 1948. On June 30, 1948, plaintiff moved to dismiss defendant's said petition, alleging as his reasons as follows:

"1. No personal nor substituted service has been had on the plaintiff of the defendant's petition and notice of hearing;

"2. That the plaintiff is in the United States Navy, and is now somewhere on the high seas;

"3. That plaintiff has given, in writing, his consent for the adoption of said child, James Edward Pierce, mentioned in defendant's petition, which consent has not been withdrawn nor voided by plaintiff nor the court.

"4. That by virtue of a modified order of this court and release by defendant, plaintiff has been released from further payments of alimony, which release was

the result of a mutual contract between the parties hereto and based on a valuable consideration, and not subject to change without the consent of the plaintiff;

"5. A court of equity does not have the power to make an *ex parte* order changing a former decree without proper service of the petition and notice, and thus deprive plaintiff of his day in court, and especially while plaintiff is in the U. S. naval service, nor change a contract relation between the parties without a full hearing on the merits."

Defendant filed no formal answer to plaintiff's motion to dismiss and did not deny any of the allegations therein set forth. Hearing on the motion to dismiss defendant's petition occurred on July 2, 1948, at which time the court by its order dismissed the petition. The statement of reasons by the trial court recites as follows:

"Inasmuch as the application was *ex parte*, [there] thereby being no personal or substituted service upon the plaintiff of defendant's petition, and the case had not been certified back to this court, but instead the probate court entered an order denying the adoption, and further ordering, 'that the said James Edward Pierce is hereby returned to the control and custody of his mother, Marjorie Mae Follis, hereby restoring to the said Marjorie Mae Follis all her parental rights in and to said child,' this court was of the opinion and found that the circuit court was without jurisdiction, and dismissed said petition."

The probate court was without power to amend the provision in the circuit court decree on the subject of alimony payments for the support of the minor child. That matter is subject to the exclusive jurisdiction of the divorce court.

In the divorce case at bar, upon petition of either party, the circuit court is entitled to resume its jurisdiction over the custody of the child, after the probate court has made a valid order refusing adoption

of the child and ordering restoration of parental rights.

The defendant, the petitioner, sought to procure an amendment to the circuit court's latest decree but did not request of the court a hearing on her petition on notice. Defendant insisted that she had a right to have her petition acted on by the circuit court without participation in the hearing by the plaintiff, and stood upon her asserted right to have an *ex parte* hearing, without offer to amend her petition.

Plaintiff was entitled to notice of the pendency of defendant's petition in circuit court. Plaintiff was entitled to participate in the hearing and to make any showing that he was able to make concerning the whole matter of his support of the child and as to his custody of the child. As to notice being requisite, see Court Rule No. 10 (1945).

Neither party denies the validity of the order of the probate court. By the statute heretofore quoted, Act No. 288, chap. 10, § 10, Pub. Acts 1939, as added by Act No. 358, Pub. Acts 1947 (4 Comp. Laws 1948, § 710.10 [Stat. Ann. 1947 Cum. Supp. § 27.3178 (550)]), the legislature undertook to confer upon the probate court the authority and right to make an *"ex parte* order." Neither side has briefed the point as to whether any *ex parte* order can be validly made or not under such section. Consequently, we do not herein decide the validity of such statute in respect to the authority of the probate court to make any *ex parte* order, nor do we decide to which portion or portions of the section the words, *"ex parte* order," refer.

Defendant's petition was not proper nor was notice given. Consequently the circuit court was not authorized to take the action sought by the petition-

er. The order dismissing the petition is affirmed. Costs to plaintiff.

Sharpe, C. J., and Bushnell, Boyles, North, Dethmers, Butzel, and Carr, JJ., concurred.