In re Appeal of the Adoption of Deborah Seyan LEWIS, Case No. 347 in the Children's Court of Oklahoma County.

Betty Frances LEWIS, now Raulston, and William Noel Raulston, Plaintiffs in Error,

v.

Francis Earl LEWIS, Defendant in Error.

No. 39580.

Supreme Court of Oklahoma.

Feb. 5, 1963.

Rehearing Denied April 16, 1963.

William H. Henderson, James E. Grigsby, Oklahoma City, for plaintiffs in error.

Cargill, Cargill & Chiaf, by O. A. Cargill, Oklahoma City, for defendant in error.

JACKSON, Justice.

The decisive questions presented in this appeal are (1) whether appeals from a decree of adoption in the Children's Court of Oklahoma County should be taken to the district court or to the supreme court, and (2) whether the continuing jurisdiction of a district court over a minor child of the parties to a divorce action comes to an end when the child is adopted pursuant to children's court adoption proceedings.

The child concerned is Deborah Seyan Lewis, the minor child of Betty Frances Lewis, now Raulston, and Francis Earl Lewis, hereinafter referred to as Betty and Earl. Betty and Earl were married in 1952, and Deborah was born in 1956. In 1957, Betty and Earl were divorced in the district court of Oklahoma County, on the ground of incompatibility. The decree awarded custody of Deborah to Betty, with Earl to have visitation rights and to pay specified sums as child support money.

In March, 1960, Betty and her second husband, William Raulston, began adoption

proceedings in the Children's Court of Oklahoma County. Their petition alleged, among other things, that Earl had not contributed to the support of Deborah for more than one year, as provided in the divorce decree, and that his consent to the adoption was not required because of the following provision of 10 O.S.1961 § 60.7:

"* * * where a parent has wilfully failed, refused or neglected to contribute to the support of his child, as provided in the decree of divorce, for a period of one (1) year next preceding the filing of a petition for adoption of such child, it shall not be necessary to procure the consent of such parent to the adoption of said child."

The petition for adoption, and an application for a determination that Earl's consent was unnecessary (required by 10 O.S.1961 § 60.8), filed at the same time, were set for hearing and due notice was given to Earl, who filed a response denying that he had failed to support the child for one year prior to the filing of the petition, and alleging that he had been denied the visitation rights given to him under the divorce decree. Upon the issues thus made, a hearing was had on June 10, 1960, after which the court entered its order determining the child to be eligible for adoption without the consent of the natural father, and further entered a final decree of adoption.

During the pendency of the above proceedings, and on April 13, 1960, Earl filed, in the district court of Oklahoma County, a motion to modify the divorce decree so as to give him custody of Deborah part of the time. Various continuances were taken and pleadings filed, and this motion was not finally disposed of until November 22, 1960. In the meantime the adoption proceedings had been completed in the children's court, and a purported appeal from the final decree in that case had been taken to the district court. On October 21, 1960, the district court rendered judgment in the purported appeal from the children's court, vacating the decree of adoption. On November 22, 1960, the district court sustained the motion to modify in the divorce case to the extent of awarding Earl custody of Deborah for one Sunday out of each month.

Betty Lewis, now Raulston, and William Raulston, appeal from both district court judgments. We will hereinafter refer to them as plaintiffs, and to Earl Lewis as defendant.

On appeal, plaintiffs argue that an appeal from the judgment of the children's court in an adoption proceeding must be taken to the Supreme Court, and not to the District Court; and that the final decree in the adoption case ousted the district court of any jurisdiction it might have had over the custody of Deborah Lewis because of the antecedent divorce case.

With regard to the first question, the Uniform Adoption Act—10 O.S.1961 § 60.4 places original jurisdiction of adoption proceedings in the County Court, and in any specially created court.

The Children's Court Act, 20 O.S.1961 § 868, provides that adoption proceedings conducted in the children's court "shall be governed and controlled by all the provisions of law for adoptions in the county court".

Sec. 60.19 of the Uniform Adoption Act provides:

"An appeal may be taken from any final order, judgment or decree rendered hereunder to the Supreme Court * * *."

Sec. 901 of the Children's Court Act provides:

"Any interested party aggrieved by any order or decree of the children's court may appeal to the district court * * * where said matter shall be heard de novo * * *."

At the outset it is noticed that jurisdiction in adoption proceedings is conferred upon the County and Children's courts by statute and not by constitutional provisions. We think it follows that the Legislature was free from constitutional restraints (Art. 7, Secs. 12 and 15, Okla.Const.) and could

direct that appeals be taken either direct to this court or to the district court. See our discussion involving a similar question in Ray et al. v. Woodward et al., Okl., 377 P.2d 216.

■ We are mindful that the Children's Court Act was approved on May 17, 1957, and that the Uniform Adoption Act was adopted on May 27, 1957. We are also mindful that the latest enactment in point of time will ordinarily prevail, Creek County v. Robinson, 114 Okl. 163, 245 P. 584, and of the further rule that in construing statutes passed at the same session of the Legislature and at nearly the same time, that there is a strong presumption against implied repeals. State v. Prairie Oil & Gas Co., 64 Okl. 267, 167 P. 756. We do not believe that either rule is necessarily controlling under the situation presented here.

■ It has been argued that since *adoption proceedings* conducted in the Children's Court are by statute (20 O.S.1961 § 868, supra) governed by all the provisions of the law for adoptions in the county court, it necessarily follows that the Legislature intended that appeals in adoption proceedings, whether from the County or Children's Court, must be taken direct to the Supreme Court and not to the District Court. We think there is merit in this argument. And especially so when it is remembered that the adoption act is designated by the Legislature as the "Uniform Adoption Act", 10 O.S.1961 § 60.23, and deals with only one specific subject or problem, the adoption of children; whereas, the Children's Court Act gives that Court jurisdiction to deal with a multiplicity of problems having to do with the needs and necessities of children. See 20 O.S.1961 § 863. The reasoning which gives precedence to a special statute over a general statute appears applicable. Furthermore, it seems reasonable that the Legislature in providing for appeals direct to this court was not unmindful of the desirability of a speedy and final determination of the adop-

tion proceeding in the interest of the children involved.

We therefore hold that appeals from final orders and judgments in adoption proceedings in the Children's Court must be taken to the Supreme Court, and not to the District Court. Since no appeal was taken, and the time for appealing has long since expired, the order determining the father's consent was not necessary, and the adoption decree, have become final.

■ We now consider the question of whether the continuing jurisdiction of a district court over a minor child of the parties to a divorce action ends when the child has been legally adopted.

In this connection, the exact effect of the decree of adoption is important. This effect is announced in 10 O.S.1961 § 60.16, as follows:

"(1) After the final decree of adoption is entered, the relation of parent and child and all the rights, duties and other legal consequences of the natural relation of child and parent shall thereafter exist between such adopted child and the adoptive parents * * *.

"(2) After the final decree of adoption is entered, the natural parents of the adopted child, unless they are the adoptive parents or the spouse of an adoptive parent, shall be relieved of all parental responsibilities for said child and have no rights over such adopted child * * *."

The continuing jurisdiction of a district court over the minor children of parties to a divorce action exists by reason of 12 O.S.1961 § 1277. Such jurisdiction depends upon the parent-child relationship existing between the parties to the action and the child concerned. In the case now before us, because of the adoption decree, such relationship no longer exists; by the terms of 10 O.S.1961 § 60.16(2), supra, Earl Lewis has been relieved of all parental responsibilities for Deborah, and he no longer has any rights over her. Since the parent-child relationship terminated on June 10,

1960, and no longer exists, the continuing jurisdiction of the district court, dependent upon such relationship, has likewise ceased to exist.

In this connection, we note that appellate courts of other jurisdictions have reached a similar result under similar, but not identical, statutes. See Hammer v. Hammer, 16 Alaska Reports 203; In re Hardesty's Adoption, 150 Kan. 271, 92 P.2d 49; Kosen v. Kosen, Ohio App., 42 N.E. 2d 778; Younger v. Younger, 106 Cal. 377, 39 P. 779. See also Pierce v. Pierce, 324 Mich. 38, 36 N.W.2d 205.

In the answer brief, defendant Earl Lewis has cited many adoption cases which we have not considered for the reason that they were promulgated prior to the enactment of the Uniform Adoption Act in 1957. They are therefore not in point.

■ He also argues that plaintiffs Betty Lewis Raulston and William Raulston are estopped from questioning the jurisdiction of the district court because they stipulated that the district court might consider the transcript of evidence from the children's court. However, it is well settled that jurisdiction of the subject matter cannot be conferred by estoppel; In re Mize's Guardianship, 193 Okl. 164, 142 P.2d 116; 21 C.J.S. Courts § 108; and that a want of jurisdiction of the subject matter cannot be waived; McNee v. Hart, 117 Okl. 220, 246 P. 373; Hutchins v. Sperling, Okl., 316 P.2d 589.

Defendant Earl Lewis also invites our attention to a portion of one paragraph of the Children's Court Act, 20 O.S.1961 § 863, as follows:

"Nothing contained in this Act shall deprive other courts of the right * * to determine the custody or guardianship of children when such custody is incidental to the determination of causes pending in such other courts. * * *"

He argues that this provision of the statute gives the district court continuing jurisdiction over the custody of Deborah Lewis in this case.

We do not agree. The statute gives the district court continuing jurisdiction to determine the custody of Deborah only " * * when such custody is incidental to the determination * * *" of some other cause pending in the district court. Since Deborah is, in law, no longer the child of the marriage of Earl Lewis and Betty Lewis now Raulston, the custody of Deborah is no longer "incidental" to the divorce case.

■ Defendant makes a further argument which, if we understand it correctly, is to the following effect: under our statutes, the Children's Court of Oklahoma County is without jurisdiction to decree an adoption without the consent of both natural parents unless there has been a *prior judicial* determination that one such parent is an unfit person to have custody of the child (citing Gowin v. Julius, Okl., 279 P.2d 954).

Gowin v. Julius, supra, was decided in 1955, before the enactment of the Uniform Adoption Act in Oklahoma, and under the law then in effect (10 O.S.1951 § 44), the conditions under which the consent of the natural father was unnecessary all involved a *prior* judicial determination of one kind or another. However, under the provisions of the Uniform Adoption Act, Sec. 60.7, supra, consent of a parent is not necessary where the parent has wilfully failed, refused or neglected to contribute to the support of his child, as provided in the divorce decree, for a period of one year next preceding the filing for adoption.

It is argued in effect that where this additional ground (failure to support) is relied upon, as in this case, the judicial determination in that regard must be made in the district court in the divorce case. This argument overlooks the provisions of Sec. 60.8 of the Uniform Adoption Act, which requires that "Before the court hears a petition for adoption without the consent of a parent * * * the consenting parent * * * shall file an application setting out the reason that the consent of the other parent is not necessary, which application

must be heard and order entered thereon * * * " after due notice to the other parent. This section, being a part of the Uniform Adoption Act, is obviously directed to the court conducting the adoption proceeding, and not to the district court.

The judgment is reversed and the cause is remanded to the district court with directions to dismiss the purported appeal from the children's court, and to dismiss the motion to modify the divorce decree, both for want of jurisdiction.

HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.

BLACKBIRD, C. J., and WELCH, J., dissent.